UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No.  06-248 (JDB) |
| : | |
| ERIK DONAIRE CONSTANZA-BRAN, : | |
| : | |
| Defendant. : | |

MOTION TO STRIKE CO-DEFENDANT'S NAMES FROM
COUNT TWO OF THE INDICTMENT

Defendant, Erik Constanza-Bran, through undersigned counsel, respectfully moves this Honorable Court to strike any reference to any of the co-defendant's names stated in Count Two of the indictment in this case.

BACKGROUND

On August 17, 2006, Mr. Constanza-Bran along with his co-defendants, Jorge Bardales Bourdet, a.k.a. Jota; Edgar Antonio Chiu Serrano; Juan Daniel Del Cid Morales, a.k.a. Ovidio Fajardo Aldana; and Juan Doe, a.k.a. Edwin Renne Sapon Ruiz were charged in a two-count indictment.  Defendants Jorge Bardales Bourdet, a.k.a. Jota, and Edgar Antonio Chiu Serrano are charged in Count One with Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine Would be Unlawfully Imported into the United States and Aiding and Abetting, in violation of 21 U.S.C. § 959, 960(a)(3), 960(b)(1)(B)(ii) and 963 and 18 U.S.C. § 2.  All of the defendants are charged in Count Two with Conspiracy to Import Five Kilograms or More of Cocaine into the United States and Aiding and Abetting, in violation of 21 U.S.C. § 960 and 963 and 18 U.S.C. § 2.

The government has provided notice to this Court that Mr. Bourdet is now deceased and

that Mr. Serrano is not in custody. Further, the government has previously conceded that the remaining co-defendants, Erik Constanza-Bran, Juan Daniel Del Cid Morales, a.k.a. Ovidio Fajardo Aldana, and Juan Doe, a.k.a. Edwin Renne Sapon Ruiz, can not be tried in a joint trial due to issues relating to the Confrontation Clause of the Sixth Amendment in addition to Bruton v. United States, 391 U.S. 123 (1968). As a result, this Court severed each remaining defendant from one another. Therefore, all of co-defendant's names identified in Count Two of the indictment should be stricken.

## DISCUSSION

Pursuant to Rule 7 (d) of the Federal Rules of Criminal Procedure, this Court may "strike surplusage from the indictment." Although motions to strike surplusage from an indictment are disfavored in this Circuit, *see* United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980), this Court has discretion to grant such a motion, *see* United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998) and *also* 1 Wright & Miller, Fed. Prac. & Proc. Crim. 3d § 127, Amendment of Indictment; Surplusage (1999). If the surplusage is "not relevant to the charge, inflammatory, and prejudicial" than a motion to strike the surplusage should be granted. United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998); *see also* United States v. Watt, 911 F.Supp. 538, 554 (D.D.C. 1995) (motion to strike should be granted when the allegations "are not relevant to the charge and are inflammatory and prejudicial.").

Because Mr. Constanza-Bran is the only person, out of the five individuals named in Count Two of the indictment before this Court for trial, it will be highly prejudicial to him if the jury is presented with the indictment referencing all of the other co-defendant's names. The specific names in Count Two of the indictment, absent Mr. Constanza-Bran's, are not necessary to

describe an essential element of this offense.

## CONCLUSION

    For the reasons stated above, Mr. Constanza-Bran respectfully requests that this Court strike from the indictment, as surplusage, the names of the remaining co-defendants identified in Count Two.

                                      Respectfully submitted,

                                      A.J. KRAMER
                                      FEDERAL PUBLIC DEFENDER

                                      _____/s/_____
                                      Dani Jahn
                                      Assistant Federal Public Defender
                                      625 Indiana Avenue, N.W., Suite 550
                                      Washington, D.C.  20004
                                      (202) 208-7500