UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**    : | |
| : | |
| v.    : | Crim. No.  06-248 (JDB) |
| : | |
| **ERIK DONAIRE CONSTANZA-BRAN,**    : | |
| : | |
| **Defendant.**    : | |

## MOTION TO SEVER COUNT ONE OF THE INDICTMENT[1]

Defendant, Erik Constanza-Bran, through undersigned counsel, respectfully moves this Honorable Court to sever count one from counts two and three of the indictment.

## BACKGROUND

On August 17, 2006, Mr. Constanza-Bran along with his co-defendants, Jorge Bardales Bourdet, a.k.a. Jota; Edgar Antonio Chiu Serrano; Juan Daniel Del Cid Morales, a.k.a. Ovidio Fajardo Aldana; and Juan Doe, a.k.a. Edwin Renee Sapon Ruiz were charged in a two-count indictment.  Defendants Jorge Bardales Bourdet, a.k.a. Jota, and Edgar Antonio Chiu Serrano are charged in Count One with Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine Would be Unlawfully Imported into the United States and Aiding and Abetting, in violation of 21 U.S.C. § 959, 960(a)(3), 960(b)(1)(B)(ii) and 963 and 18 U.S.C. § 2.  All of the defendants are charged in Count Two with Conspiracy to Import Five Kilograms or More of Cocaine into the United States and Aiding and Abetting, in violation of 21 U.S.C. § 960 and 963 and 18 U.S.C. § 2.

---

[1] Undersigned counsel previously orally requested to adopt and join in Mr. Juan Del Cid Morales's Motion to Sever Counts.  Consistent with this Court's Order of May 18, 2007, to file all motions in limine by June 25, 2007, counsel formally moves to sever count one from counts two and three from the indictment.

The government has provided notice to this Court that Mr. Bourdet is now deceased and that Mr. Serrano is not in custody.

**DISCUSSION**

**I.     COUNT ONE OF THE INDICTMENT MUST BE SEVERED FROM THE OTHER COUNTS UNDER RULE 8(a)**

Federal Rule of Criminal Procedure 8(a) allows for the joinder of two or more offenses in the same indictment where the offenses are (1) of the same or similar character, (2) based upon the same act or transaction, or (3) based on acts or transactions that are connected or that constitute parts of a common scheme.  Where the prosecution has improperly joined offenses in the same indictment, Rule 8(a) provides a basis for severance.  United States v. Terry, 911 F.2d 272 (9th Cir. 1990); United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990).

"Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment."  Terry, 911 F.2d at 276.  In this case, the evidence indicates that count one involves an alleged conspiracy between Mr. Bourdet and Mr. Serrano to manufacture and import cocaine beginning on or about November 2005.  Count two involves an alleged conspiracy which includes all of the co-defendants to import cocaine beginning on or about April 2006.  Therefore, these charges are two distinct and separate conspiracies.  Further, as the government has previously indicated, Mr. Bourdet is now deceased and Mr. Serrano is not susceptible for extradition from Guatemala.  Therefore, it appears that the government is unable to move forward in their case and/or charges against Mr. Bourdet and Mr. Serrano.

II.   **EACH OF THE COUNTS OF THE INDICTMENT SHOULD BE SEVERED FROM THE OTHER COUNTS OF THE INDICTMENT UNDER RULE 14**

Even if the Court determines that the counts were properly joined under Rule 8(a), Rule 14 of the Federal Rules of Criminal Procedure provides that the defendant is entitled to severance where failure to do otherwise would result in prejudice to the defendant and the denial of his right to a fair trial.  Granting severance is a matter within the discretion of the trial court.  United States v. Blakney, 941 F.2d 114 (2nd Cir. 1991); United States v. Smith, 918 F.2d 1551 (11th Cir. 1990); United States v. Perry, 731 F.2d 985 (D.C. Cir. 1984); United States v. Reicherter, 647 F.2d 397 (3rd Cir. 1981).  When considering a motion for severance, the court must balance the accused's right to a fair trial against the public's interest in efficient and economic administration of justice.  United States v. Phillips, 664 F.2d 971 (5th Cir. 1981).  While judicial economy is a factor in deciding a severance motion, it should not outweigh that defendant's basic right to a fair trial.

> No defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials.  The goal of the judicial process is not to decide cases as quickly and as inexpensively as possible.  But where there is a reasonable assurance that defendants will be given a fair trial regardless of whether a severance is granted, judicial economy becomes a relevant factor.

United States v. Bascia, 573 F.2d 827, 833 (3rd Cir. 1978), cert. denied, DiSantis v. United States, 436 U.S. 911 (1978). In the present case, the spillover effect and risk of jury confusion, resulting from the proof of one crime being used to corroborate the commission of the other, is such that the jury would be unable to make an individualized guilt determination as between each of the

counts.

## CONCLUSION

For the reasons stated above, Mr. Constanza-Bran respectfully requests that this Court sever count one from counts two and three from the indictment.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500