**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF COLUMBIA**
**SUITE 550**
**625 INDIANA AVENUE, N.W.**
**WASHINGTON, D.C.  20004**

**A. J. KRAMER**                                                                    **TELEPHONE (202) 208-7500**
*Federal Public Defender*                                                    **F A X   ( 2 0 2 )   2 0 8 - 7 5 1 5**

**CARLOS J. VANEGAS**
*Assistant Federal Public Defender*

June 25, 2007

Paul Laymon, Esq.
Brian Tomney, Esq.
Kia Habisreitinger, Esq.
United States Department of Justice
The Bond Building
1400 New York Ave.
Washington, D.C.

                RE:     United States v.  Erik Constanza-Bran,
                        Crim. No. 06- 428(JDB)

Dear Mr. Laymon:

        We are writing this letter to request discovery in reference to the above-captioned case.
This request is made pursuant to Federal Rule of Criminal Procedure 16, the Fifth and Sixth
Amendments to the United States Constitution and Brady v. Maryland, United States v. Agurs,
427 U.S. 97 (1976),  Kyles v. Whitley and Giglio v. United States, 405 U.S. 150 (1972) and its
progeny).  We are requesting the discovery by the close of business on Thursday, June 28, 2007.

        Specifically, our discovery request includes, but is not limited to, the following:

(1)     The substance and/or nature of Government assistance provided to Alex Johnson
        in any and all Immigration Proceedings.  Alternatively, we are requesting the
        substance and nature of any and all Government intervention on behalf of Mr.
        Alex Johnson in any and all Immigration Proceedings.  Our request includes but is
        not limited to, deportation proceedings, removal proceedings, expulsion
        proceedings, and/or stay of deportation proceedings.

(2)     By government we mean any governmental agency including but not limited to
        the United States State Department, the United States Department of Justice, The
        Drug Enforcement Agency, United States Customs, the Federal Bureau of
        Investigation, and any state or local governmental agency or agency
        representative.  The latter includes but is not limited to the Florida State Police,
        Miami Police and any or all other State or local police or law enforcement

1

authorities that have intervened on behalf of Alex Johnson before an Administrative and/or Immigration Judge.

(3)     We are specifically requesting the substance and nature of the Government's intervention in the 2003 Deportation, expulsion or removal proceeding before an Immigration Judge in Louisiana.  We are requesting the reasons and/or basis why there was a deportation/removal and/or expulsion hearing in the first place.  If Mr. Johnson acted, behave or committed an act that resulted in the Louisiana deportation, removal and/or expulsion hearing, we are requesting that information.

(4)     The request is based on the fact that Mr. Alex Johnson was not a United States citizen when he was convicted for PWID in the United States Federal District Court in Miami in 1995.  The felony conviction automatically made Alex Johnson eligible for deportation, removal or expulsion from the United States.  Mr. Johnson's continued stay in the United States could have and was only made possible by intervention by a Governmental agency in a removal, expulsion, deportation proceeding or stay of removal/deportation and/or expulsion proceeding.  The fact that he had more than one immigration proceeding indicates that the government intervened on Alex Johnson's behalf on at least two occasions to stay his removal, deportation, and/or expulsion from the United States.

(5)     We are also requesting the nature of the accommodation and/or arrangement that any of the above agencies were able to secure on behalf of Mr. Alex Johnson permitting him to continue to live in the United States.

(6)     We are also requesting the nature of the accommodation and/or arrangement that any of the above agencies were able to secure on behalf of Mr. Alex Johnson allowing him to travel in and out of the United States notwithstanding that he has a felony conviction that legally precludes entry of convicted felons at any Port of Entry into the United States.

(7)     We are requesting Alex Johnson's expenditures itemization in the instant case.  Specifically we want his requests for reimbursement for expenses relating to travel to and from El Salvador.  We are also requesting his request for reimbursement for his lodging, food, travel within El Salvador, for phone service for personal use and any and all other expenses incurred for which he sought reimbursement and was paid by the DEA.

(8)     We are requesting Alex Johnson's expenditures itemization for travel from the United States and to any third country, including but not limited to Panama, Colombia and other country where he traveled to in relation to the instant case.  We are also requesting Alex Johnson's expenditures itemization and request for reimbursement relating to expenses for his stay in every country other than El

Salvador for lodging, meals, intra country travel, personal phone service

(9)     We are requesting the basis and/or justification regarding the determining that Alex Johnson be paid a monthly salary, stipend or cash gift of $2,000.00 dollars immediately after he was released from BOP.  In your disclosure report on page 3, you indicate that he was paid this amount of money, $2,000.00 dollars, for a short time.  We are requesting the information regarding the number of months he was paid $2,000.00 dollars that equals the "short time".

(10)    We are requesting information regarding the basis of payments under the category of "cash awards."  Specifically we are requesting what is the criteria used in determining whether he merited a cash award and more importantly the criteria for determining the amount of the "cash award" that he received.

(11)    We are requesting information regarding the basis for the $10,000.00 "cash award" in the instant case.  Specifically we are requesting when he was given the "cash award", what event, incident or fact regarding the instant investigation triggered or resulted in Alex Johnson getting the $10,000.000 "cash award". We are also requesting any agreement regarding any future "cash award" that will be given to Alex Johnson as a result of his testimony in the trial of Mr. Constanza-Bran.  We are also requesting information as to whether Alex Johnson's "cash awards" correspond to a particular result in the prosecution of Mr. Constanza-Bran.  In short, does a conviction result in an additional and much greater award than the $10,000.00 dollars that he has already received.

(12)    We are requesting the case numbers for the cases in which Alex Johnson testified for the government in his capacity as a government informant.  Specifically we are referring to the cases that you identified in your disclosure report for Alex Johnson.  Since the cases went to trial and were, presumably, opened to the public and likewise are archived, documented, and/or recorded in the respective Courts, there is no governmental interest that is served by the Government in not providing the cases numbers and the jurisdictions in which those cases proceeded to trial.  There is no reason to hide information concerning a public record.

(13)    We are also requesting DEA Forms 103 and 473. We are also requesting and any all other DEA forms that document agreements, contracts, expenditures relating to the obligations, work and responsibilities of DEA informants.

If we have inadvertently failed to mention or omitted a particular document, or any material that falls under the rubric of Brady v. Maryland, United States v. Agurs, 427 U.S. 97 (1976),  Kyles v. Whitley and Giglio v. United States we reserve the right to make those requests in the near future.   If you have any question regarding these requests, or wish to discuss these requests, please feel free to contact us at 202-208-7500.

3

Sincerely,


_____/s/_____

Dani Jahn
Carlos J. Vanegas
Assistant Federal Public Defender