**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF COLUMBIA**
**SUITE 550**
**625 INDIANA AVENUE, N.W.**
**WASHINGTON, D.C. 20004**

**A.J. KRAMER**  Telephone (202) 208-7500
*Federal Public Defender*  FAX (202) 501-3829

June 20, 2007

Paul Laymon
Brian Tomney
Kia Habisreitinger
Trial Attorneys
1400 New York Ave., N.W.
Washington, D.C. 20530

Via Email

                      Re:    <u>United States v. Erik Donaire Constanza-Bran</u>, 06-248 (JDB)

Dear Mr. Laymon, Mr. Tomney, and Ms. Habisreitinger:

      I am writing to confirm my understanding of the information that the government has provided to me pursuant to Federal Rule of Criminal Procedure 16. Please also consider this letter a request for complete discovery of all information discoverable under Rule 16, the United States Constitution, and any other applicable law.

      1.    <u>Statements of Mr. Constanza-Bran</u>

      You have provided me with a copy of a five-page DEA Form 6 which contains the post arrest interview of Mr. Constanza-Bran on September 27, 2006. You have also provided me with a copy of a two-page DEA Form 6 which contains further information related to the post arrest interview of Mr. Constanza-Bran on September 27, 2006, although this report was prepared on January 23, 2007. At the motions hearing in this case, you also provided a copy of a three page drawing by Mr. Constanza-Bran given to the DEA Agents during his interview on September 27, 2006. Further, you have also provided a copy of a business plan that Mr. Constanza-Bran gave to your confidential informant which contains 10 pages with various information related to a business and licensing. Notwithstanding the above mentioned documents, there appears to be no other written or recorded statements which the government intends to offer in evidence at the trial allegedly made by Mr. Constanza-Bran, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government or which the government intends to introduce at trial.

    2.       <u>Mr. Constanza-Bran's Prior Record</u>

No such information has been received. No motion, pursuant to 609 or 404(b) has been filed by the government. Therefore, it appears that the government has no information to suggest that Mr. Constanza-Bran has any prior record.

    3.       <u>Documents</u>

You have provided copies of the following documents:

| | |
|---|---|
| N-1 | 18 page transcript of video (date unknown) between Bardales and CS |
| N-4a | 4 page transcript of phone call on 5/10/06 to Bardales from CS |
| N-7 | 1 page summary of phone call on 6/4/06 between Bardales and CS; and 3 page transcript of same phone call |
| N-8 | 1 page summary of phone call on 6/6/06 between Bardales and CS; and 3 page transcript of same phone call |
| N-9 | 11 page transcript of phone call on 6/7/06 between Bardales and CS |
| N-9b | 3 page summary of phone call on 6/7/06 between Bardales and CS |
| N-10 | 1 page summary of phone call on 5/12/06 between Bardales and CS |
| N-11a | 1 page summary of phone call on 6/14/06 between Bardales and CS; and 5 page transcript of same phone call |
| N-11b | 1 page summary of phone call on 6/14/06 between Bardales and CS |
| N-11c | 2 page summary of phone call on 6/16/06 between Bardales and CS |
| N-11d | 1 page summary of phone call on 6/16/06 between Bardales and CS |
| N-12a | 3 page summary of video between Bardales, Serrano, and 3 different CS |
| N-12b | 9 page summary of video between Bardales, Serrano, and 3 different CS |
| N-12c | 6 page summary of video between Bardales, Serrano, and 3 different CS |
| N-14 | 1 page summary of phone call on 7/12/06 between Bardales and CS; and 3 page transcript of same phone call |
| N-15a | 1 page summary of phone call on 7/6/06 between Bardales and CS; and 4 pages transcript of same phone call |
| N-15b | 1 page summary of phone call on 7/6/06 between Constanza-Bran and CS; and 2 page transcript of same phone call |
| N-15c | 1 page summary of phone call on 7/10/06 between Constanza-Bran and CS; and 4 page transcript of same phone call |
| N-15d | 1 page summary of phone call on 7/14/06 between Constanza-Bran and CS; and 2 page transcript of same phone call |
| N-15e | 1 page summary of phone call on 7/19/06 between unidentified male and CS; and 2 page transcript of same phone call |
| N-19 | 14 page transcript of meeting at El Tenedor Restaurant on 7/19/06 |
| N-22a | 2 page summary of phone call on 7/26/06 between Bardales and CS; and 11 page transcript of same phone call |
| N-22b | 2 page summary of phone call on 7/28/06 between Bardales and CS; and 8 page |

| | |
|---|---|
| | transcript of same phone call |
| N-24a | 2 page summary of phone call on 8/9/06 between Constanza-Bran and CS; and 8 page transcript of same phone call |
| N-24b | 2 page summary of phone call on 8/13/06 between Constanza-Bran and CS; and 5 page transcript of same phone call |
| N-24c | 1 page summary of phone call in 8/06 between Constanza-Bran and CS; and 3 page transcript of same phone call |
| N-24d | 1 page summary of phone call on 8/23/06 between Constanza-Bran and CS; and 2 page transcript of same phone call |
| N-27a | 2 page transcript of meeting on 8/23/06 |
| N-27b | 16 page transcript of meeting on 8/23/06 |
| N-30 | 3 page summary of phone call on 8/23/06 between Constanza-Bran and CS; and 19 page transcript of same phone call |
| N-31a | 2 page summary of phone call on 8/29/06 between Constanza-Bran and CS; and 6 page transcript of same phone call |
| N-31b | 1 page summary of phone call on 9/906 between Constanza-Bran and CS; and 6 page transcript of same phone call |
| N-31c | 1 page summary of phone call on 9/12/06 between Constanza-Bran and CS; and 3 page transcript of same phone call |
| N-34a | 1 page summary of phone call on 9/19/06 between Constanza-Bran and CS; and 3 page transcript of same phone call |
| N-34b | 1 page summary of phone call on 9/21 or 9/24 (different dates on each document) between Constanza-Bran and CS; and 6 page transcript of same phone call |
| N-34c | 1 page summary of phone call on 9/21 or 9/22 (different dates on each document) between Constanza-Bran and CS; and 2 page transcript of same phone call |
| N-34d | 2 page summary of phone call (date unknown) between Constanza-Bran and CS; 7 page transcript of same phone call |
| N-34e | 1 page summary of phone call on 9/25/06 between Constanza-Bran and CS; 2 page transcript of same phone call |

    I do not have any copies of any reports written by any officer or DEA Agent related to this case. The only report I do have relates to the arrest of Mr. Constanza-Bran on September 27, 2006 which is stated above on page one.

    I do not have copies of any notes taken by any officer or DEA Agent related to this case and/or the arrest of Mr. Constanza-Bran. I hereby request production of any notes.

    I do not have copies of any grand jury testimony of any of the officers or DEA Agents that may testify at the trial. I hereby request production of any grand jury testimony.

  4. <u>Photographs</u>

| | |
|---|---|
| N-13 | 34 surveillance photographs on 6/20/06 |
| N-18 | 29 surveillance photographs of meeting on 7/19/06 |
| N-25 | 11 surveillance photographs on 8/23/06 |
| N-26 | 9 surveillance photographs on 8/23/06 |

 Any other photographs the government intends to use at trial have not been received and as a result I request a copy of these photographs.

  5. <u>Tangible Objects</u>

 Other than the documents listed above, there are no tangible objects which are within the possession, custody or control of the government, and which are material to the preparation of Mr. Constanza-Bran's defense, or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to Mr. Constanza-Bran.

 I have received the following CDs that depict the following:

| | |
|---|---|
| N-1 042606a | CD that contains video and audio of meeting with Bardales |
| N-1b | CD that contains video and audio of meeting with Bardales |
| N-4 | CD that contains phone call to Bardales from CS |
| N-6 | CD that contains various email information for Bardales |
| N-7 | CD that contains phone call between Bardales and CS |
| N-8 | CD that contains phone call between Bardales and CS |
| N-9 | CD that contains phone call between Bardales and CS |
| N-10 | CD that contains phone call between Bardales and CS |
| N-11 | CD that contains phone call between Bardales and CS |
| N-12a | CD that contains video and audio of Bardales, Serrano, and CS |
| N-12b | CD that contains video and audio of Bardales, Serrano, and CS |
| N-12c | CD that contains video and audio of Bardales, Serrano, and CS |
| N-14 | CD that contains phone call between Constanza-Bran and CS |
| N-15 | CD that contains 5 different phone calls |
| N-17 | CD that contains video of police surveillance of 7/19/06 meeting |
| N-19a | CD that contains video and audio of meeting on 7/19/06 |
| N-19b | CD that contains video and audio of meeting on 7/19/06 |
| N-19c | CD that contains video and audio of meeting on 7/19/06 |
| N-19d | CD that contains video and audio of meeting on 7/19/06 |
| N-19e | CD that contains video and audio of meeting on 7/19/06 |
| N-22 | CD that contains 2 different phone calls |
| N-24 | CD that contains 4 different phone calls |
| N-27a | CD that contains video and audio of meeting on 8/23/06 |
| N-27b | CD that contains video and audio of meeting on 8/23/06 |
| N-30 | CD that contains phone call between Constanza-Bran and CS |
| N-31 | CD that contains 3 phone calls between Constanza-Bran and CS |
| N-34 | CD that contains 5 phone calls between Constanza-Bran and CS |

6. Reports of Examinations and Tests

It is my understanding that there are no reports of examinations and/or tests, or any results of a scientific test or experiment, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

7. Expert Witnesses

There have been no expert witnesses identified by the government that the government intends on calling at trial.

8. Identifications

It is my understanding that there is no evidence of any out-of-court identification procedure that the government intends to introduce at trial.

9. Radio Communications

It is my understanding that there is no evidence of any radio run communications in this case.

10. Evidence of Uncharged Conduct

To date, no pleadings have been filed with the Court concerning Federal Rule of Evidence 404(b).

11. Brady Requests

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), I request that you provide all exculpatory material which exits in this case relating to guilt and/or punishment. See Kyles v. Whitley, 514 U.S. 419, 437 (1994) ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); Strickler v. Greene, 527 U.S. 263, 280 (1999) (duty to disclose encompasses impeachment evidence as well as exculpatory evidence) (citing United States v. Bagley, 473 U.S. 667, 676 (1985)); United States v. Bowie, 198 F.3d 905, 907 (D.C. Cir. 1999) ("[e]vidence affecting the credibility of government witnesses is a category of exculpatory information potentially within Brady's disclosure obligation.") (citing Giglio v. United States, 405 U.S. 150, 154 (1972)); In re Sealed Case (Brady Obligations), 185 F.3d 887 (D.C. Cir. 1999); See also United States v. McVeigh, 954 F. Supp. 1441, 1449 (D. Colo. 1997) (under Brady prosecutors must "disclose to the defense the information known to or available to them which may develop doubt about the truth of the government's narrative"). Should you have any questions with regard to whether certain information constitutes Brady material, I request that you seek and in camera determination as to whether it should be produced, and that we be provided notice that an in camera presentation will be made.

Pursuant to Giglio v. United States, 405 U.S. 150 (1972), and its progeny, I also request that the government produce any information known to or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness whom the government may call to testify at trial. (This Giglio request is a specific Brady request, but should not be construed as a limitation on the scope of what constitutes Brady material.) Such information should include, but not be limited to: (a) the witness' prior adult and juvenile criminal record (including pending cases); (b) any known instance of the witness having made a false statement, whether or not under oath, and whether or not an adjudication or finding of a false statement has been made; (c) any direct or implied promises of benefit or leniency in whatever form, known to have been made to a witness with respect to this or any other case; (d) all information (including but not limited to drug test results) related to the length and extent of the witness' addiction to or use of narcotic drugs or the witness' participation in a drug treatment program of any kind (including but not limited to the date of the alleged incident as well as any date on which the witness spoke with any government agent and/or provided grand jury testimony); (e) the name and address of any person(s) known to the government to whom the witness has made statements relating to the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers; (f) all information relating to the witness' falsification of tax information nor knowing participation, whether before or afer the fact, in fraudulent tax practices; (g) all information concerning the witness' immigration status; (h) all information evidencing misconduct by, complaints of misconduct against, and disciplinary action taken against the witness; (I) all information arguably showing or tending to show that the witness has manufactured, falsified, or planted evidence, whether in physical or testimonial form, in connection with any criminal arrest or charge; (j) all instances of the witness having failed to follow government regulations in connection with the investigation, arrest, and post-arrest treatment of suspects; and (k) all other information arguably supporting he proposition that a witness has a motive to lie against the defendant.

In the government's Response to Request for Disclosure of Informant Information, there is very minimal information. No identifying information has been provided such as date of birth, social security number, etc. Further, the judgment of conviction has not been received; nor has there been any information related to case numbers, dates, etc. regarding Mr. Johnson's testimony in six different trials. Also, no information has been received regarding documentary evidence of payment to Mr. Johnson from the DEA or any other law enforcement agency he has assisted. As the Court ordered on May 18, 2007, the government shall produce ALL Giglio material no later than June 11, 2007; therefore it is our position that the government is not in compliance with Judge Bates' Order to disclose all Giglio material.

## CONCLUSION

Please contact me as soon as possible should your understanding of the discovery provided conflict in any way with that set forth above. If I do not hear from you otherwise, I will assume that all of the above information is correct.

Sincerely,

Dani Jahn
Carlos Vanegas
Assistant Federal Public Defenders