UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No.: 06-248-02(JDB) |
| v. ) | |
| ERIK DONAIRE CONSTANZA-BRAN ) | |

**DEFENDANT ERIK CONSTANZA-BRAN'S PROPOSED JURY INSTRUCTIONS**

Defendant, Erik Constanza-Bran, through undersigned counsel, respectfully proposes the following jury instructions:[1]

I.   **GENERAL INSTRUCTIONS**

1.03   Preliminary Instruction Before and During the Trial

1.05   Cautionary Instruction Prior to First Recess

1.07   Question Not Evidence

1.12   Impeachment

1.22   A Juror's Recognition of a Witness or Other Party Connected to the Case

2.01   Function of the Court

2.02   Function of the Jury

2.03   Jury's Recollection Controls

---

[1] The numbered instructions listed below are taken from the "Redbook" instructions printed in Criminal Jury Instructions for the District of Columbia (4th revised 2007). Mr. Constanza-Bran reserves the right to submit a theory-of-defense instruction (No. 5.01) and to propose additional instructions based upon the evidence at trial.

1

2.04   Evidence in the Case

2.05   Statements of Counsel

2.06   Indictment Not Evidence

2.07   Inadmissible and Stricken Evidence (if applicable)

2.08   Burden of Proof - Presumption of Innocence

2.09   Reasonable Doubt

2.10   Direct and Circumstantial Evidence

2.11   Credibility of Witnesses

2.13   Number of Witnesses

2.14   Nature of Charges Not to Be Considered

2.24   Informer's Testimony[2]

2.26   Police Officer's Testimony

2.27   Right of Defendant not to Testify (if applicable and desired)

**II.    INSTRUCTION ON CHARGED OFFENSE**

For you to find Mr. Erik Constanza-Bran guilty of conspiracy, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

1.   That between ___ and ____, an agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to import five kilograms or more of cocaine and to distribute five or more kilogram of cocaine intending and knowing that the cocaine will be unlawfully imported into the United

---

[2]   Mr. Constanza-Bran may propose a revised instruction regarding informer's testimony at a later date.

      States; and

2.     that Mr. Constanza-Bran willfully joined in that agreement; and

3.     that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed – that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. Constanza-Bran can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.

Mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. Intent may be inferred from the surrounding circumstances.

Proof that Mr. Constanza-Bran willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Mr. Constanza-Bran agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that they participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Mr. Constanza-Bran was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Mr. Constanza-Bran personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

In deciding whether an agreement existed you may consider the acts and statements of all the alleged participants. In deciding whether Mr. Constanza-Bran became a member of that conspiracy, you may consider only the acts and statements of that particular defendant. In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: First, that during the charged time period there was an agreement to knowingly and intentionally import five kilograms or more of cocaine and to knowingly and intentionally manufacture and distribute five kilogram or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United

States; second, that Mr. Constanza-Bran intentionally joined in that agreement; and, third, that one of the people involved in the conspiracy did one of the overt acts charged.

### III.   CLOSING INSTRUCTIONS

2.71   Election of Foreperson

2.72   Unanimity

2.73   Exhibits During Deliberations (depending upon Court's practice)

2.75   Communications Between Court and Jury During Jury's Deliberations

                Respectfully submitted,
                A.J. KRAMER
                FEDERAL PUBLIC DEFENDER

                _____/s/_____
                Carlos J. Vanegas
                Dani Jahn
                Assistant Federal Public Defender
                625 Indiana Avenue, N.W.
                Suite 550
                Washington, D.C.  20004
                (202) 208-7500