UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                  : Cr. No. 06-248 (JDB)

    V.                         :

ERIK DONAIRE CONSTANZA BRAN    :

_____

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States respectfully submits the following list of proposed preliminary and final jury instructions for the case of United States v. Erik Donaire Constanza Bran. These proposed instructions are based upon the Government's assessment of the issues that are likely to arise during the trial of this case. The Government would seek the Court's leave to supplement this list prior to the summations in this case in the event that it determines that additional instructions would aid the jury in its deliberations.

A.  Preliminary Instructions


1.03 - PRELIMINARY INSTRUCTIONS BEFORE TRIAL

    1.02A - NOTE TAKING BY JURORS

    1.20 - QUESTIONS BY JURORS – NOTE

    1.21 - IDENTITY OF ALTERNATES IS NOT DISCLOSED

    1.22  - JUROR'S RECOGNITION OF A WITNESS OR
OTHER PARTY CONNECTED TO THE CASE

Elements of the Offenses

1.    CONSPIRACY TO IMPORT OR DISTRIBUTE AND MANUFACTURE COCAINE
      KNOWING OR INTENDING TO IMPORT  **(Attached hereto)**


1.05 - CAUTIONARY INSTRUCTION PRIOR TO FIRST RECESS


B.  <u>Final Instructions</u>


        Ladies and gentlemen of the jury, you are about to hear the
closing arguments of counsel concerning the evidence in this case.
At this time, it is my duty and responsibility as the trial judge
to give you instructions as to the law that applies to this case
and to the evidence that has been presented.  It is your sworn duty
to base your verdicts upon the law given in these instructions and
upon the evidence that has been admitted in this trial.



Instruction 2.01 - FUNCTION OF THE COURT

Instruction 2.02 - FUNCTION OF THE JURY

Instruction 2.03 - JURY'S RECOLLECTION CONTROLS

Instruction 1.02 - NOTE TAKING BY JURORS

Instruction 2.04 - EVIDENCE IN THE CASE --
JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS

Instruction 1.08 - EXPERT TESTIMONY

Instruction 2.05 - STATEMENTS OF COUNSEL

Instruction 1.07 - QUESTION NOT EVIDENCE

Instruction 2.06 - INDICTMENT OR INFORMATION NOT EVIDENCE

Instruction 2.07 - INADMISSIBLE AND STRICKEN EVIDENCE

Instruction 2.08 - BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE

Instruction 2.09 - REASONABLE DOUBT*

The government has the burden of proving the defendant guilty beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

(*The government requests that in place of Instruction 2.09 from the Red Book, the Court give the foregoing instruction, which is based on Instruction 21, Definition of Reasonable Doubt, from <u>Pattern Criminal Jury Instructions</u>, and was approved by this circuit in <u>United States</u> v. <u>Taylor</u>, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).)

Instruction 2.10 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Instruction 2.11 - CREDIBILITY OF WITNESSES

Instruction 2.13 - NUMBER OF WITNESSES

Instruction 2.14 - NATURE OF CHARGES NOT TO BE CONSIDERED

Instruction 2.24 - INFORMER'S TESTIMONY

Instruction 1.12 - IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME -- WITNESS

Instruction 2.26 -  POLICE OFFICER'S TESTIMONY

Instruction 2.30 - TRANSCRIPTS OF TAPE RECORDINGS **(Attached hereto)**

Instruction 2.48 - STATEMENTS OF THE DEFENDANT - SUBSTANTIVE EVIDENCE

Instruction 3.11 - CONSENSUAL TAPE RECORDINGS

CONSPIRACY INSTRUCTION **(Attached hereto)**

QUANTITY OF COCAINE INVOLVED IN CONSPIRACY

If you find the defendant guilty of conspiracy as charged in

3

the Indictment, then you must determine the quantity of cocaine involved in the conspiracy.  The term "quantity" means the total weight of any mixtures or substances which contain a detectable amount of the drug charged.

I have prepared a separate verdict form for the defendant in this case.  The form first asks that you record your verdict on the conspiracy charge.  The verdict form then contains a question you must answer if you find the defendant guilty of the conspiracy charged in this case.  As you will see from the verdict form, you must then determine the amount of the mixture and substance containing cocaine the members of the conspiracy had an understanding or agreement to distribute for the purposes of unlawful importation or to import into the United States.

First, the verdict form asks whether or not you unanimously agree, by proof beyond a reasonable doubt, that the quantity of the mixture and substance containing a detectable amount of cocaine which was involved in the conspiracy was five kilograms or more.  In making this decision, you should consider the total amount which the evidence shows that any member of the conspiracy agreed to possess, distribute, or import at any time during the conspiracy, or attempted to possess, distribute, or import at any time during the conspiracy.

If your answer to this first question is "yes," that completes the questioning and you should stop and not answer the next question.  If your answer is "no," however, then you must answer the second question.

The second question asks whether or not you unanimously agree, by proof beyond a reasonable doubt, that the quantity of cocaine which was involved in the conspiracy was less than five kilograms, but more than 500 grams of a mixture or substance containing a detectable amount of cocaine.  Again, In making this decision, you should consider the total amount which the evidence shows that any member of the conspiracy agreed to possess, distribute, or import at any time during the conspiracy, or attempted to possess, distribute, or import at any time during the conspiracy.

If your unanimous verdict is that the evidence shows beyond a reasonable doubt that the conspiracy involved 500 grams or more of cocaine then your answer will be yes to the second question.  If your answer is no, fill in the verdict form accordingly.

Remember, in determining quantity, you should consider the total amount which the evidence shows that any member of the conspiracy agreed to possess, distribute, or import at any time during the conspiracy, or attempted to possess, distribute, or import at any time during the conspiracy.

Your determination of the quantity of cocaine involved in the conspiracy must be unanimous and you must be satisfied that the United States has proven that quantity of cocaine beyond a

reasonable doubt.

Instruction 4.02 - AIDING AND ABETTING

Instruction 3.02 - PROOF OF STATE OF MIND

Instruction 3.07 - "ON OR ABOUT" -- PROOF OF

C.  <u>Closing Remarks</u>

Instruction 2.71 - ELECTION OF FOREPERSON

Instruction 2.72 - UNANIMITY

Instruction 2.73 -   EXHIBITS DURING DELIBERATIONS

Instruction 2.74   - POSSIBLE PUNISHMENT NOT RELEVANT

Instruction 2.75 - COMMUNICATIONS BETWEEN COURT AND JURY
DURING JURY'S DELIBERATIONS

Instruction 2.76 - FURNISHING THE JURY WITH A COPY OF
THE INSTRUCTIONS

Instruction No. 2.77 - USE OF VERDICT FORMS -- NOTE

### GOVERNMENT'S PROPOSED CONSPIRACY INSTRUCTION

Count Two of the indictment charges that between April 2006 and August 2006, Erik Donaire Constanza Bran, Juan Del Cid Morales, Alvaro Augustin Mejia, and others did unlawfully, knowingly and intentionally combine, conspire, confederate and agree, to commit the following offense against the United States: unlawfully, knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, intending **or** knowing that such cocaine would be unlawfully imported into the United States, in violation of Title 21, Sections 963, 952 and 960 of the United States Code.

Count Two of the indictment also charges that between April 2006 and August 2006, Erik Donaire Constanza Bran, Juan Del Cid Morales, Alvaro Augustin Mejia, and others did unlawfully, knowingly and intentionally combine, conspire, confederate and agree, to commit the following offense against the United States: unlawfully, knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, intending **or** knowing that such cocaine would be unlawfully imported into the United States, in violation of Title 21, Sections 963, 959 and 960 of the United States Code.

6

The government is required to prove beyond a reasonable doubt that Erik Donaire Constanza Bran conspired:

(1) to knowingly and intentionally import five kilograms or more of cocaine into the United States from some place outside the United States,

or

(2) to knowingly and intentionally manufacture or distribute five kilograms or more of cocaine intending that such substance would be unlawfully imported into the United States, or knowing that such substance would be unlawfully imported into the United States.

To import a substance means to bring or transport that substance into the United States from a place outside the United States.

A conspiracy charge is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. This is because it is an offense to conspire, or agree, with someone to commit a crime even if that crime is never committed. So, a conspiracy is a combination of two or more persons to accomplish an unlawful purpose. It is a partnership. Nonetheless, you must consider separately each alleged conspirator's participation. Specifically, for you to find Mr. Constanza Bran guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt.

7

First, that at some time between April 2006 and August 2006, an agreement existed between at least two people to commit a crime, namely, to unlawfully import cocaine into the United States; or to unlawfully manufacture and distribute cocaine with the intent or knowledge that the cocaine would be unlawfully imported into the United States.

Second, that Mr. Constanza Bran knowingly and willfully joined and participated in the conspiracy; that he joined the conspiracy consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

In other words, ladies and gentlemen, the second element requires that the government must prove the defendant's membership in this conspiracy.

An agreement, to constitute a conspiracy agreement, does not have to be in writing. It does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details.  The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit a crime. Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

To be a member of the conspiracy, Mr. Constanza Bran need not know the identities or the number of all the other members of

8

the conspiracy, nor all of the details of the conspiracy, or the means by which its purposes were to be accomplished.  Each member of the conspiracy may perform separate or distinct acts. But it is necessary that the Government prove beyond a reasonable doubt that Mr. Constanza Bran had knowledge that the conspiracy existed, was aware of the common purpose and was a willing participant with the intent or knowledge to advance the objective of the conspiracy.

It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose and had knowledge that the conspiracy existed, and was a member of the conspiracy.  Different persons may become members of the conspiracy, at different times.  In addition, a defendant may be found to have been a member of a conspiracy even though he was not apprized of all of the activities of the other members. Moreover, it is not necessary, in order to convict Mr. Constanza Bran of the charge of conspiracy, that the objectives or purposes of the conspiracy have been achieved or accomplished.

In addition, the government is not required to prove that every alleged conspirator committed an act in furtherance of the conspiracy so long as one member did.  The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement. It is not essential that the prosecution prove that the conspiracy

9

began or ended on a specific date set forth in the indictment. Rather, the government is required to prove beyond a reasonable doubt that, in fact, a conspiracy existed for some time within the period set forth in the indictment.

In determining whether a conspiracy existed and whether Mr. Constanza Bran was one of its members, you may consider the acts and statements of any other member of the alleged conspiracy, done or made during the course of and in furtherance of the conspiracy, as evidence against the defendant whom you have found to be a member of the conspiracy. However, before doing so you must determine that there was a conspiracy. When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator is considered the act or statement of all the other conspirators and is evidence against each and all of them.

You should not base your determination of the guilt or innocence on the extent of Mr. Constanza Bran's participation in the alleged conspiracy. Mr. Constanza Bran may be convicted as a conspirator even though he played a minor role in the conspiracy, or joined the conspiracy after it was underway, provided that you find beyond a reasonable doubt that the conspiracy existed, and that Mr. Constanza Bran knowingly participated in the conspiracy with the intent to advise, encourage or assist other conspirators. You need not find that all members of the

10

conspiracy were members at one time.  For Mr. Constanza Bran to be convicted as a conspirator, it is sufficient if at some time during the course of the conspiracy, he was a member of the conspiracy.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: First, that there was an agreement to commit a crime; and second, that the defendant intentionally joined that agreement.

Finally, in order to convict the defendant of the conspiracy charge in Count Two of the indictment, it is not necessary that you find that the conspiracy involved the actual amount of the mixture or substance containing cocaine alleged in the indictment.  The amount of the mixture or substance containing a controlled substance is not an element of Count Two. However, if you find the defendant guilty of Count Two, you must answer the question on the verdict form relating to Count Two. The question will allow you to determine whether the total amount of the mixture or substance containing cocaine involved in the conspiracy was five kilograms or more.  In determining the answer to this question, you must be unanimous.  Further, before you can answer the question in the affirmative, you must find that the government has proved that the conspiracy involved that amount of the mixture or substance containing cocaine beyond a reasonable

doubt.

(The foregoing instruction is substantially based on the conspiracy instruction approved and used in <u>United States v. Henry</u> (Case # 02-376)(J. Kollar-Kotelly).

**\*REASONABLE DOUBT\***

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

The foregoing instruction is based on Instruction 21, Definition of Reasonable Doubt, from <u>Pattern Criminal Jury Instructions</u>, and was approved by this circuit in <u>United States v. Taylor</u>,997 F.2d 1551,1555-56 (D.C. Cir. 1993).

FOREIGN LANGUAGE TAPES AND TRANSCRIPTS

Among the exhibits introduced during the trial were recordings that contained conversations in the Spanish language. You were also provided with transcripts that contained Spanish transcriptions of the calls, as well as English translations.

The recorded conversations and the transcripts are evidence in this case. The transcripts were provided to you by the Government after they were reviewed by the defense, in order to assist you in understanding the contents of the Spanish language conversations on the recordings.

You will recall that at the beginning (or in some cases end) of each tape recording introduced into evidence in this case there is an introduction which was recorded by a member of the Drug Enforcement Administration. You are instructed that with respect to all of the tape recordings, you may consider the information in the introduction concerning the date and time, as evidence in this case. It is of course, up to you, the jury to determine the weight you wish to give to the information contained in the introduction based upon your evaluation of all the evidence in the case.

In addition, it is up to you, the jury, to determine who the speakers are in any particular conversation, based upon the totality of the evidence in this case.

14

Respectfully Submitted,


_____/s_____

PAUL W. LAYMON
KIA HABISREITINGER
BRIAN TOMNEY
Trial Attorneys
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
202-514-1286 (Office)
202-514-1483 (Facsimile)