UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 06-248 (JDB) |
| v. | : | |
| | : | |
| ERIC CONSTANZA-BRAN | : | |

## GOVERNMENT'S PROPOSED JURY QUESTIONS

MAY IT PLEASE THE COURT:

      The United States, through undersigned counsel, submits the following questions for use by the Court during voir dire. In addition to the Court's general voir dire questions, the Government proposes the following questions, which were tailored to the facts and circumstances of this case.

## INTRODUCTION

1. The United States is represented in this case by Department of Justice Attorneys Paul Laymon, Kia Habisreitinger and Brian Tomney. Assisting the Government is paralegal Barry Rhodes. Do you know or recognize any of these individuals?

2. The defendant is represented by Dani Jahn and Carlos Vanegas, Assistant Federal Public Defenders. Do you know or recognize either of these individuals?

3. The Judge in this case is the Honorable John D. Bates. The courtroom deputy is Tim Bradley. The court reporter is Bryan Wayne. Do you know or recognize the judge or any member of the courtroom staff?

## SPANISH LANGUAGE/LATIN AMERICA

4. Is there any member of the panel who speaks Spanish?

    a. (If yes) Some witnesses may testify in Spanish. Their testimony will be translated by a court certified translator. Will you be able to accept the English translation of that testimony even if you disagree with the translation?

    b. (If yes) You will hear audio-taped and video-taped conversations in Spanish. The conversations will have been translated by a court certified translator. Will you be able to accept the English translation even if you disagree with the translation?

      c. Would you be fair and impartial in evaluating the testimony of both Spanish-speaking and non-Spanish-speaking witnesses?

5. Has anyone in the panel ever lived or traveled to Latin America including but not limited to Guatemala, Panama, El Salvador, Mexico or any other country in Central or South America?

      a. (If yes) When? For how long? What was the purpose of your travel?

      b. (If yes) Is there anything about your experience that would prevent you from being fair and impartial in considering the evidence in this case?

      c. Does anyone have any specialized knowledge about Guatemala?

      d. Does anyone have family members or close personal friends from Guatemala?

6. Does anyone have strong feelings about the migration or immigration of individuals to the U.S. from Latin America?

(If yes) Would those feelings keep you from being fair and impartial in considering the evidence in this case?

**LAW ENFORCEMENT**

7. Is there anything in your life experience that makes you feel positive or negative about law enforcement or the criminal justice system?

8. Have you, any member of your family, or any close personal friend had any experiences with any law enforcement officer or a governmental agency that would cause you to be unable to be fair and impartial if selected as a juror in this case?

9. Has anyone ever been questioned by a law enforcement agent, or had a close friend or family member questioned by law enforcement?

10. Have you or members of your family, or any close personal friend had any business dealings or legal actions involving any federal, state, or local government employee or agency?

      a. (If yes) What was the nature of the business dealings or legal actions?

      b. (If yes) Would those business dealings or legal actions prevent you from being fair and impartial if selected as a juror in this case?

11. Would anyone not believe a witness' testimony simply because the witness works in law enforcement, either U.S. or foreign?

**PRIOR CONTACTS WITH CRIMINAL JUSTICE SYSTEM**

12. Other than a traffic offense, have you, any members of your family, or any close personal friends :

    a. Been accused of a crime?

    b. Been arrested, charged, and/or convicted of a crime?

    c. Been a victim of a crime?

    d. Been a witness to a crime?

13. Have you, any members of your family, or any close personal friends ever been charged with any drug violation? Specifically, have you ever used cocaine, methamphetamine, ecstasy, heroin, or LSD?

14. Do you believe that you, any members of your family, or any close friends were ever falsely accused of a crime?

**LEGAL PROCEEDINGS**

15. Has anyone ever testified in court or appeared as a witness?

    a. (If yes) Where did the testimony take place? What kind of case was it? Did you testify on behalf of the plaintiff/prosecution or the defense?

    b. (If yes) Was there anything about that experience that would make it difficult for you to be fair and impartial as a juror in this case?

**JURY SERVICE**

16. Has anyone ever served on a jury?
    (If yes):

    a. Was the case civil or criminal?

    b. If criminal, did the case involve a drug offense?

    c. Did the jury reach a verdict?

    d. Was there anything about your previous jury experience that would affect your service as a juror in this case?

**NARCOTIC RELATED QUESTIONS**

17. This is a narcotic related case. Does anyone have such strong feelings about illegal drugs and narcotics that they could not be fair and impartial in considering the evidence?

    a. Does anyone believe that the possession of drugs and narcotics should be legalized?

    b. Does anyone believe that the distribution of drugs and narcotics should be legalized?

    (If yes) Have you ever belonged to any group that advocated the legalization of drugs?

    (If yes) Have you ever participated in demonstrations in favor of legalizing drugs or contributed to any group that advocated legalizing drugs?

18. Does anyone believe that the United States Government spends either too much or too little effort on the enforcement of drug laws?

19. This case involves an alleged conspiracy to distribute a controlled substance (i.e., cocaine) intending and knowing that illegal drugs ultimately would be unlawfully imported into the United States. Because this case involves a conspiracy, physical drug evidence will not be presented at trial. Is there anything about the nature of this charge, or the fact that no physical drug evidence will be presented at trial, that would make it more difficult for you to return a verdict of guilty?

20. Because of the secretive nature of drug trafficking, the United States often employs the use of confidential informants--individuals who, because of their background and experience, are able to provide information regarding drug traffickers and are able to infiltrate drug trafficking organizations where law enforcement would be unable.

    a. Would the fact that a confidential informant has a background in drug trafficking and previously has been convicted of a criminal offense, affect your ability to listen to the testimony such that you would be inclined to immediately disregard such a witness' testimony as unworthy of belief.

    b. Would the fact that a confidential informant is paid for his services and receives substantial payments for his cooperation from the United States for his assistance, affect your ability to be a fair and impartial juror?

    c. Does anyone have difficulty accepting the United State's use of confidential informants to infiltrate drug trafficking organizations such that they would disregard the testimony of a testifying confidential informant as unworthy of belief.

    d. The court will instruct you at the end of the trial that the United States is permitted to use persons, commonly called informants, and that the United States may pay them for their services. The court will also instruct you that you may consider these payments in assessing the credibility of the informant. Will you be able to follow

       the court's instruction that the United States is permitted to employ informants but that you may consider that fact in assessing credibility?

**<u>GENERAL QUESTIONS</u>**

21.    Does anyone here know anyone else on the panel?
(If yes) Would that affect your ability to be fair and impartial, if you both were selected to be on the jury.

22.    Do you have any difficulty understanding spoken English or reading the English language that would interfere with your ability to sit as a fair and impartial juror in this case?

23.    As mentioned previously, audio and video recordings will be played during the course of this trial. Do you have any hearing or sight impairments that would interfere with your ability to see and hear the evidence as it is presented in this case?

24.    Are you currently taking any medication that makes you drowsy or would otherwise make it difficult for you to focus on the evidence and follow the trial?

25.    Are you currently under treatment for alcohol or substance abuse?

26.    Have you, a relative or a close personal friend ever worked as a criminal defense lawyer or criminal investigator, worked with a defense attorney, investigator or a public defender office, or been involved in any way in the defense of a criminal case?

(If yes) Would this experience affect your ability to be a fair and impartial juror in this case?

27.    Do any of you feel that because of television shows such as "CSI" and "Law and Order" that you would need to see forensic evidence such as fingerprints or DNA analyses before you could convict a defendant of a crime?

28.    Anyone who serves on this jury will take an oath to follow the Court's instructions of law. Is there anyone who would not follow the Court's instructions, even if they personally disagreed with them?

29.    Do you understand that sentencing of a defendant should not be taken into consideration by the jury when deciding guilt or innocence?

30.    Do you have any religious or moral beliefs about sitting in judgment of others that might affect your ability to deliberate as a juror on this case?

31.    The United States in this case has the burden of proof beyond a reasonable doubt. At the appropriate time, the Court will define reasonable doubt for you. Is there anyone who feels they would not be able to accept the Court's definition of reasonable doubt or would

hold the Government to a higher standard of proof.

                          Respectfully Submitted,


                          _____/s_____
                          PAUL W. LAYMON
                          KIA HABISREITINGER
                          BRIAN TOMNEY
                          Trial Attorneys
                          Narcotic and Dangerous Drugs
                          Department of Justice
                          1400 New York Avenue, NW
                          Washington, DC 20005
                          202-514-1286 (Office)
                          202-514-1483 (Facsimile)


I certify that on June 27, 2007, a copy of this proposal was emailed to Dani Jahn.


                          _____
                          Paul Laymon