UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 06-248 (JDB) |
| | ) | |
| ERIK DONAIRE CONSTANZA-BRAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CO-DEFENDANTS' NAMES FROM COUNT TWO OF THE INDICTMENT**

Comes the United States and objects to the motion to strike co-defendants' names from count two of the indictment.

Defendant is charged in count 2 with conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 960, 963 and 18 U.S.C. § 2. The indictment alleges that he did so with four other named co-conspirators, and with others known and unknown. The defense seeks to strike from the indictment as surplusage, the names of the other co-defendants.

Although a District Court is permitted to strike surplusage from an indictment pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, "[t]he standard under Rule 7(d) has been strictly construed against striking surplusage." *United States v. Jordan*, 626 F.2d 928, 930 n. 1 (D.C. Cir. 1980). Indeed, "a motion to strike surplusage [from the indictment] should be granted *only* if it is clear that the allegations are not relevant to the charge and are *inflammatory and prejudicial*." *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (emphasis added).

In each case cited by the defendant, the motions to strike surplusage were denied because the information included in the indictment was relevant and not inflammatory and unduly

1

prejudicial. The court in *United States v. Jordan* concluded that including in an indictment the alleged amount of funds defrauded was not inflammatory and did not tend to confuse the jury. 626 F.2d at 930. Furthermore, the court in *United States v. Rezaq* chose to not strike from the indictment references of the defendant murdering several passengers during an aircraft hijacking. 134 F.3d at 1134. The court concluded that "[t]he fact that Rezaq shot several passengers was clearly relevant to establishing that he has seized the aircraft…." *Id*.

As in *Jordan* and *Rezaq*, the fact that Constanza-Bran conspired to import cocaine into the United States with other named co-defendants is clearly relevant to the charge of conspiracy and certainly not inflammatory and unduly prejudicial. *See, e.g.*, *United States v. Watt*, 911 F.Supp. 538, 553-54 (D.D.C. 1995) (where court concluded that striking incriminating introductory material from indictment was not inflammatory and prejudicial); *see also* Wright & Miller, Fed. Prac. & Proc. Crim. 3d § 127 ("It is held that a motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial…. This is a rather exacting standard and only rarely has surplusage been ordered stricken."). Moreover, in order to convict the defendant of conspiracy, the government must show he conspired with at least one other person other than an informant. *United States v. Escobar De Bright*, 742 F.2d 1196, 1198 (holding that "it takes two to conspire..." thus a government informant cannot "agree" to commence a conspiracy with only one other person). The jury may find it confusing to be given an indictment alleging conspiracy with only one named defendant.

The United States would note that the defendant charged originally as "Juan Doe, a.k.a. Edwin Renee Sapon Ruiz" has now been identified as "Alvaro Augustin Mejia, a.k.a. Edwin

2

Renee Sapon Ruiz." A motion to amend the indictment in that regard was previously granted by the Court.

For these reasons, the United States urges this Court to deny defendant's motion to strike co-defendants' names from count two of the indictment.

Respectfully submitted,

_____/s/_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drug Sect.
1400 New York Ave, NW
Washington, DC 20005
202-514-1286

3