UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

ERIK DONAIRE CONSTANZA BRAN,
Defendant.

Criminal Action No. 06-248-02 (JDB)

FILED
JUL 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Defendant Constanza-Bran has filed a motion to sever count one from count two of the indictment, to which the Government consents. Defendant has also filed a motion pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure to strike as surplusage any reference in the indictment to any of his co-defendant's names. The Government opposes this motion.

"The standard under Rule 7(d) has been strictly construed against striking surplusage." United States v. Jordan, 626 F.2d 928, 931 n.1 (D.C. Cir. 1980) (per curiam). "'[A] motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (quoting 1 Charles Alan Wright, Federal Practice and Procedure § 127, at 426 (1982)). Defendant has been charged with conspiracy to import, and to manufacture and distribute, five kilograms or more of cocaine into the United States. See 21 U.S.C. §§ 960, 963 (2000). The names of his alleged co-conspirators are relevant to the charge and are neither inflammatory nor unduly prejudicial.

Accordingly, upon consideration of [50] defendant's motion to strike, [59] defendant's motion to sever, the government's responses thereto, and the entire record herein, it is this 5th day of July, 2007, hereby

**ORDERED** that [50] defendant's motion to strike is **DENIED**, and it is further

**ORDERED** that [59] defendant's motion to sever count one from count two is **GRANTED**; and it is further

**ORDERED** that count one is **SEVERED** from the indictment.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge