UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No 06-248(JDB) |
| v. : | |
| : | |
| *ERIK DONAIRE CONSTANZA BRAN* : | |

### **DEFENDANT'S SUPPLEMENTAL PROPOSED VOIR DIRE QUESTIONS ND ADDITIONAL OBJECTIONS TO GOVERNMENT'S PROPOSED JURY QUESTIONS**

*VOIR DIRE*

Mr. Constanza Bran, the defendant through undersigned counsel, respectfully requests the Court modify his prior admitted proposed voir dire questions in the following manner:

4. Mr. Constanza Bran is represented by Elita C. Amato. Does any member of the panel know or know of Ms. Elita C. Amato?

24. Please add the following language to the list of law enforcement agencies: United States Army Military Police and Security Guard.

Mr. Constanza Bran objects to the following government proposed jury questions:

4.(a) and (b). These questions preclude all Spanish speaking jurors from the jury pool. Any translations of audio-taped or video-taped recordings are only an aid to the jury and are not evidence. Please consider defense jury questions 14 and 15 instead.

8, 9. the general police question will suffice, see defense question 23.

10. not relevant.

11. the general police question will suffice, defense question 23.

13. object to second portion of the question.

17 (all) Defense question 11 will suffice.

19.    General question pertaining to the charges will suffice, see defense 10.

20.    Objection to 20 (initial language) and requests the following language:

      You may hear the testimony of an informant in this case.  This is a person who has entered into an agreement with the government to assist the government in an investigation in exchange for money, or immunity from punishment or other personal advantage.   You will be instructed that the use of such persons is permitted however, you should consider the testimony of such persons with caution.  Is there anyone who would not beable to follow this instruction?

29.    Improper question, jurors will be so instructed, if jurors can follow the Court's instructions (see govt. question 28), then they will follow this instruction as well.

31.    object to words "or would hold the Government to a higher standard of proof."


### *JURY INSTRUCTIONS*

      Mr. Constanza Bran request the following additional language be included in the defendant's already filed motion for jury instructions:

### I.    GENERAL INSTRUCTIONS

Form Instruction 1.08, EXPERT TESTIMONY;

TRANSCRIPTS OF RECORDINGS (if admitted and certified, however, while suggesting the below stated language, the defendant does not waive his right to object to the use of the transcripts as anything but an aid to the jurors)

During this trial, you have used typewritten transcripts of translations from Spanish into English of the oral conversations that can be heard on the tape recordings and videotape received into evidence.  The transcript also purports to identify the speakers engaged in such conversation.  I have admitted the transcripts for the purpose of aiding you in following the content of the conversation as you listened to the tape recordings and videotape which were spoken in Spanish and also to aid you in identifying the speakers, [although you must determine yourself who the speakers are based on the evidence in ths case].  The transcripts have been certified by an interpreter and/or translator who testified as to how the transcripts were prepared.  While in a case involving English conversations which have been recorded, the jury is routinely instructed that they are not bound by the transcript, that is because every juror is just as capable as the person preparing the transcript to tell what is being said on the recording.  That [may not be] so with the

recorded Spanish conversations that have been introduced in this case.  Accordingly, I am now instructing you that the transcripts are guides prepared for you so that you can understand the Spanish language recordings.

>Included as an instruction in the case of *United States v. Valderrama, et al*. 03-0554, before the Honorable Judge Robertson.  [additional language submitted].

II.  INSTRUCTION ON CHARGED OFFENSE:

Proof of several separate conspiracies is not proof of a single overall conspiracy in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges.  What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators.

If you find that no such conspiracy existed, then you must acquit the defendant on that charge.  However, if you decide that such conspiracy did exist, you must then determine who the members were.  And, if you should find that Mr. Constanza Bran was a member of some other conspiracy, not the one charged in the indictment, then you must acquit him.  In other words, to find a defendant guilty, you must find, unanimously, that such defendant was a member of the conspiracy charged in the indictment, and not a member of some other, separate conspiracy.

>*U.S. v. Curry*, 188 Fed. Appx. 863, *869, 2006 WL 1824364, ** 3 (11th Cir. 2006).  Also included as an instruction in the case of *United States v. Valderrama, et al*. 03-0554, before the Honorable Judge Robertson.

A defendant cannot be found guilty of conspiracy, if you find that he conspired only with a government agent(s).

While a defendant does not need to know all aspects of the charged conspiracy, he or she must have know or intended that cocaine would be imported into the United States. [*United States v. Chan Chun-Yin*, 958 F.2d 440, 443 (D.C. Cir. 1992); *accord United States v. Londono-Villa*, 930 F.2d 994, 998 (2d Cir. 1991)*United States v. Arbane,*446 F.3d 1223, 1229-30 (11$_{th}$ Cir. 2006)].

Different people may become part of a conspiracy at different times.  Merely being with other participants, however, even when the other participants are agreeing to commit a crime or actually committing it, is not enough to prove knowing participation in a conspiracy.  Unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy.  So the second thing that must be shown is that the defendant knowingly and

willfully become part of the conspiracy.

    Included in the instruction on the elements of Conspiracy to Import Cocaine into the United States and to Manufacture and Distribute Cocaine for Importation Into the United States, in the case of *United States v. Valderrama, et al*. 03-0554, before the Honorable Judge Robertson. [added citations]

    Mr. Constanza Bran objects to the following government proposed jury instructions:

A.    1. CONSPIRACY INSTRUCTION

B.    REASONABLE DOUBT.  Mr. Constanza Bran requests Instruction 2.09 be read to the jurors.

    TRANSCRIPTS OF TAPE RECORDINGS.  Mr. Constanza Bran requests his proposed instruction as stated above be read to the jurors.

    CONSPIRACY INSTRUCTION

Respectfully submitted,

/s/

Elita C. Amato, Esq.
DC Bar # 442797
2009 N.Fourteenth Street,
Suite 708
Arlington, VA  22201
(703) 522-5900

## CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on September 13, 2007, causing service electronically on all parties in this case.

/s/
_____
Elita C. Amato, Esq.