IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No 06-248(JDB) |
| v. | : | |
| | : | |
| *ERIK DONAIRE CONSTANZA BRAN* | : | |

**DEFENDANT'S MOTION IN LIMINE**

*COMES NOW,* Constanza Bran, the defendant, through undersigned counsel, and moves this Honorable Court consider and rule on the following issues prior to the commencement of trial:

1. The defense objects to the government calling as a rebuttal witness Mr. Bonifacio Salvadore Deleon. The government has put the defense on notice that if Mr. Constanza Bran testifies at trial, the government may call as a rebuttal witness Bonifacio Salvadore Deleon. According to the government, Mr. Deleon handled the prosecution of a 2004 embezzlement case in Guatemala in which Mr. Constanza Bran was charged along with other co-defendants. Upon information and belief, and newspaper articles, Mr. Constanza Bran was only charged in the case but he was never convicted. Additionally, Mr. Constanza Bran testified at trial in the case against the Vice President of Guatemala, one of the named co-defendants. Mr. Constanza Bran also received death threats and sought witness protection.

As this is neither 404(b) evidence nor a 609(a) conviction, the only purpose for the introduction of testimony of this witness is to put on character evidence. Such evidence is impermissible character evidence. See Fed. Rule of Evid. 404(a).

Additionally, although the government is in possession of a file pertaining to the Guatemalan case, only one document has been turned over to defense counsel from that file. The document is a chart listing various persons and their relationships with each other,

including Mr. Constanza Bran's name.  Further, the government's notice, indicates that the witness may have interviewed Mr. Constanza Bran regarding the 2004 incident.  However, counsel has received no information as to any statements possibly made by Mr. Constanza Bran.

       2.       The defense requests the court order the government select between their two proposed expert witnesses as the testimony would be cumulative and moves the court preclude certain expert testimony as irrelevant pursuant to Fed. Rules of Evidence 401, 402 and 403.  The government has provided the names of potential government expert witnesses including DEA Special Agent Michael Johnson, retired Special Agent Michael G. Garland, Edward Lennon Murrelle and Carrillo Garcia, a Guatemalan narcotics officer working for the Guatemalan drug enforcement known as SAIA.  At this juncture based on further communications, undersigned is on notice that the government may call only two of these experts, DEA Special Agent Michael Johnson and Guatemalan narcotics officers Carrillo Garcia.  Nevertheless, based on the written representations made by the government it appears that much of the testimony between these two witnesses will overlap.  The government specifically indicates that both experts would testify that the quantity of cocaine discussed by the confidential informant in this case was of a quantity that would be going to the United States and would be too much for the Guatemalan market to absorb.  Both would be asked to testify about the drug situation in Guatemala, as well as the routes of entry into the country and Guatemala's role in international smuggling.  Also, the government intends to have at least one of these witnesses testify as to how cocaine is harvested, processed and packaged in clandestine labs as well as prices of cocaine in Colombia.  This information is irrelevant for this particular case.

3.      The defendant objects to the introduction of any recordings of statements of Mr. Bardales Bourdet and Mr. Serrano in government's exhibits N-1 and N-12, as such statements were not made during the course and in furtherance of the conspiracy, pursuant to Fed. Rule of Evidence 801(d)(2)(E).  To admit statements under the § 801(d)(2)(E) exception, the district court must find by a preponderance of the evidence that "there was a conspiracy involving the declarant and the nonoffering party, and that the statement[s were] made 'during the course and in furtherance of the conspiracy.' " *United States v.Bourjaily,* 483 U.S. 171, 175-76 (1987) (quoting Fed.R.Evid. 801(d)(2)(E)).

Not every statement made by a co-conspirator is automatically a statement "in furtherance of the conspiracy." A statement-by-statement analysis must be made by the Court to ensure that this portion of the rule is complied with.

Mr. Constanza Bran was not present at these meetings. What was discussed may have pertained to other agreements Bardales Bourdet was making with the informants.  Nor is there any indication that at the time of these conversations a "conspiracy" had even begun beyond words and/or agreements with the informants.

Additionally, Mr. Constanza Bran objects to the introduction of any statements made by government informants as these statements are hearsay.  *See United States v. Smith*, 578 F.2d 1227, 1233 (8th Cir. 1978).

***WHEREFORE***, for the foregoing reasons, and any others this Court deems relevant, Mr. Constanza Bran moves for the relief request in this motion.

        Respectfully submitted,

        Elita C. Amato, Esq.
        DC Bar # 442797
        2009 N. Fourteenth Street., Suite 708
        Arlington, VA  22201
        (703) 522-5900

## CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on September 13, 2007, causing service electronically upon on all parties in this case.

        /s/
        _____
        Elita C. Amato