UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

UNITED STATES                              *

v.                                         *     Criminal No. 06-248 (JDB)

ERIK DONAIRE CONSTANZA- BRAN               *

RESPONSE TO MOTION IN LIMINE

     Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon and Kia Habisreitinger, Trial Attorneys, Narcotic and Dangerous Drug Section, and responds to the motion in limine.

     Defendant was indicted for conspiring to import more than five kilograms of cocaine into the United States. The indictment alleges that this defendant and other named defendants conspired between certain dates in 2006 to import more than five kilograms of cocaine into the United States from Guatemala and elsewhere. Defendant has moved to limit the government from calling a rebuttal witness, has moved to limit the government to one expert witness instead of two, and has objected to the government's use at trial of a meeting between a DEA informant and the defendant's codefendants.

     The government may call Bonifacio Salvadore de Leon to rebut the testimony of the defendant, should the defendant testify. De Leon is a Guatemalan prosecutor who handled an embezzlement case, in 2004, in which the defendant was involved. At this point, a motion in limine is not appropriate. The court cannot logically rule on this request until it is presented with de Leon as a witness. The defendant may not testify, or the government may

elect

not to call him to the stand.  But to advise the court of the particular issue, the government offers

the following.  Fed.R.Evid. 608(b) allows a party to attack the credibility of a witness by cross-

examining him on specific instances of past misconduct.  Cross is not limited to prior convictions

but must be probative of character for truthfulness.  <u>United States v. Whitmore</u>, 359 F.3d 609,

618 (D.C.Cir. 2004).   Generally, the rule prohibits using extrinsic evidence to prove

untruthfulness.  However, extrinsic evidence may be offered for another purpose, such as to show

bias, interest, or influence , pursuant to Fed.R.Evid. 402 and 403.  See <u>United States v. Abel,</u>

469 U..S. 45, 49-54 (1984).  Evidence of past misconduct may also be relevant to contradict the

defendant's testimony (as opposed to impeachment, which is limited by 608(b).)  Thus, the

government may offer evidence to show bias or to contradict, for example, but neither the

court nor the government can know now whether such an issue will even arise.  Accordingly,

as to this part of the motion in limine, the government would ask the court to deny it as not ripe

or to hold it in abeyance until the trial progresses to the point where the issue is ripe.

     The defense also asks the court to limit the government to one of two experts the

government has told the defendant it may call, and seeks to exclude as irrelevant part of the

expert's proffered testimony about how cocaine is grown,  processed, packaged, and priced.

Fed.R.Evid. 403 provides that although relevant, evidence may be excluded by considerations of

"needless presentation of cumulative evidence".  The rule does not forbid testimony which is

repetitive, just cumulative.  The government is prepared to offer the specialized testimony of

both a DEA special agent who served for the past six years in Guatemala and the testimony of a

long time Guatemalan narcotics police officer.  A straight forward way of looking at their

testimony is to say that the DEA agent will testify to the big picture- that is, large shipments of Colombian cocaine routinely travel through Guatemala, to Guatemala's border with Mexico, and then onto the United States, while the Guatemalan officer will testify to what happens to Colombian cocaine once it arrives in Guatemala. There may be some overlap in their testimony in terms of where this cocaine comes from, why large shipments of cocaine do not remain in Guatemala, and why large shipments of cocaine always move on to the United States. However, though there may be some overlap in their testimony, the testimony of the two witnesses is not cumulative. Further, the defendant seeks to exclude as irrelevant, testimony about how cocaine is grown and processed, and how much it costs. As the defendant is charged basically with conspiracy to import cocaine into the United States, it would be helpful for the jury to know a little about where it is grown (in close proximity to Guatemala), how it is processed and packaged, and how much it costs. Cost is particularly relevant so the jury can understand why the cocaine trade is so lucrative, which helps the jury to understand why the defendant would take so many risks to be involved with cocaine trafficking. And, as the defendant talked with the informant about how the cocaine could be hidden in the transportation and storage process, how cocaine is packaged is very relevant. Accordingly, this motion should be denied.

     Lastly, defendant objects to the government playing exhibit 12, a videotape of a meeting between two of defendant's codefendants (including Jorge Bardales) and an informant. Defendant Constanza-Bran was not present at this meeting. The DEA had been investigating Bardales since at least April 2006, when a DEA informant met with Bardales to discuss moving cocaine through Guatemala. On June 20, 2006, Bardales and one other codefendant met with the informant to further discuss how Bardales would handle the cocaine once it came to Guatemala. Defendant Constanza 's name was mentioned in the meeting. Shortly after the meeting, still on June 20, 2006, defendant Constanza called the informant and said he was the

boss of one of the codefendants and that Constanza would be assisting the informant with what he (the informant) had discussed earlier in the day (with Bardales).  Pursuant to Fed.R.Evid. 801(d)(2)(E), the statements at the meeting of June 20 are admissible if they were statements by a coconspirator made during the course and in furtherance of the conspiracy. That the defendant was referenced in the June 20 meeting and that he called the informant right after the June 20 meeting and said essentially "I am in, you will be dealing with me as well", shows that the defendant was involved in the conspiracy at the time of the meeting.  The meeting shows without doubt that the meeting was in the course of the conspiracy and all about furthering the conspiracy.  Accordingly, this part of the motion should be denied, subject to the government demonstrating this evidence at trial.

      Accordingly, the motion should be denied in its entirety.

Respectfully submitted,

_____

Paul W. Laymon  
Trial Attorney  
Narcotic and Dangerous Drugs  
Department of Justice  
1400 New York Avenue NW  
Washington, DC 20005  
Phone     202-514-1286  
Facsimile  202-514-1483

## CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 14 September 07.

_____

Paul W. Laymon