UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

UNITED STATES                              *

v.                                         *        Criminal No. 06-248 (JDB)

ERIK DONAIRE CONSTANZA- BRAN   *

NOTICE OF INTENT TO USE INTRINSIC AND INEXTRICABLY
INTERTWINED  EVIDENCE

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon and Kia Habisreitinger, Trial Attorneys, Narcotic and Dangerous Drug Section, and files this notice of intent to use intrinsic and inextricably intertwined evidence.

On August 23, 2006 the defendant and several of his codefendants met with the informant in El Salvadore.  That meeting was recorded and transcribed, and the CD copy of the meeting (Exhibit 19) and a copy of the transcript were months ago provided to the defense.  Also on August 23, 2006, the defendant and the informant spoke on the telephone.  This call was recorded and transcribed (Ex 30), and copies were provided to the defense.  On August 29 (Ex 31),  September 21 (Ex 34), and September 26 (also Exhibit 34), the defendant and the informant again spoke on the telephone.  These calls were recorded and transcribed and were provided to the defense months ago.  In the meeting noted above the defendant and his cofedendants continued their conversations with the informant, who was posing as a cocaine trafficker from Colombia.  The meeting on August 23rd  ostensibly was intended to work

out all the details of the assistance to be provided to the informant in moving a large shipment of cocaine through Guatemala to the border with Mexico and on to the United States. The calls primarily involved the informant and the defendant Constanza Bran and were to the same effect.

The indictment in the case (count two) alleged that the conspiracy began "in or about April 2006 and continu(ed) thereafter up to and including the date of the filing of the indictment (August 17, 2006), the exact dates being unknown to the Grand Jury". The indictment was not superseded. The above noted events, which occurred from August 23 through September 26, 2006, are intrinsic to the charged conspiracy, which continued after the date the indictment was returned. Another way of saying this is to say the evidence of the charged conspiracy and the evidence set out above are inextricably intertwined. *United States v. Badru,* 97 F.3d 1471, 1474-1475 (D.C.Cir. 1996) ( where defendants charged with smuggling heroin into the United States from the fall of 1991 to April 1993, other acts of smuggling heroin in 1992 and early 1993 were admissible as intrinsic, inextricably intertwined evidence). The court cited with approval the 11th Circuit by noting that evidence of "criminal activity other than the charged offense is not considered extrinsic if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or it is necessary to complete the story of the crime of trial...." *Id* at 1474 (citations omitted). See also *United States v. Navarro,* 169 F.3d 228, 232-234 (5th Cir. 1999) (where defendant charged with possessing methamphetamine in September 1996, evidence that four months later defendant possessed methamphetamine and cocaine was inextricably intertwined with charged conduct, as it demonstrated the continuing nature of the drug organization, its structure, and the continuing contact between the defendants).

In the alternative, the evidence set out above is admissible as 404(b) evidence,

pursuant to Fed.R.Evid. 404(b).  That evidence may properly be admitted as proof of intent, proof of knowledge, proof and plan and preparation, as well as proof of identity.  The United States must prove that the defendant conspired, that is planned, to distribute cocaine knowing or intending that the cocaine would be imported into the United States.  The meeting on August 23 and the later phone calls show the defendant was planning and preparing to assist the informant by hiding the cocaine in a warehouse rented by the defendant.  At the meeting on August 23, the defendant presented a business plan to that end.  The later phone calls substantiate that planning and preparation, and the meeting and subsequent phone calls show that the defendant knew and intended that the cocaine was going to Mexico and on to the United States.  Further, in a phone call on August 23, the defendant told the informant to "google" him (the defendant) to verify his identity.  Evidence admissible pursuant to Rule 404(b) may be admitted whether the conduct occurs before or after the offense charged.  *United States v. Latney,* 198 F.3d 1446, 1448-1450 (C.A.D.C. 1997) (where defendant charged with aiding and abetting the distribution of cocaine in September 1994, evidence that he possessed 250 grams of cocaine in May 1995 was admissible as 404(b) evidence).  The real question is whether the 404(b) evidence is relevant to something proveable other than the defendant's character, not whether the 404(b) acts were commited during a certain time .  *Id* at 1449.

       Accordingly, the United States moves the court to introduce the above described evidence, that is, the meeting and the phone calls which occurred from August 23, 2006 to September 26, 2006, as either intrinsic evidence of the conspiracy or as 404(b) evidence.

Respectfully submitted,

_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone     202-514-1286
Facsimile  202-514-1483

CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 17 September 07.

_____
Paul W. Laymon