UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 06-248 (JDB) |
| | ) | |
| | ) | |
| ERIK DONAIRE CONSTANZA- BRAN | ) | |

<u>MOTION TO PERMIT WITNESS TO TESTIFY BY USE OF PSEUDONYM</u>

     Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon and Kia Habisreitinger, Trial Attorneys, Narcotic and Dangerous Drug Section, and moves the court to permit the confidential informant to testify using a pseudonym.

     Courts have permitted witnesses to testify anonymously by using a pseudonym where it is necessary to protect a person from injury.  *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1980); *United States v. Jacobson,* 785 F.Supp 563, 568-569 (E.D.Va. 1992).  Here, the defendant has been advised of the true identity of the witness and has been provided with a wealth of impeachment materials.  While  the defendant certainly has a Sixth Amendment right to confront his accusers, permitting the witness to testify under a pseudonym will not interfere with the defendant's ability to cross examine the witness or to impeach him.  Rather, the use of a pseudonym shields the identity of the witness from the press and public.  In the instant case, the government would represent that the witness would be in danger if his true identity was disclosed in open court.

Accordingly, the United States moves to allow the witness to testify by use of a pseudonym.

Respectfully submitted,

_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone      202-514-1286
Facsimile  202-514-1483

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this response was sent via e-mail to defense counsel 18 September 07.

_____
Paul W. Laymon