UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :        Crim. No 06-248(JDB)
v.                              :
                                :
*ERIK DONAIRE CONSTANZA BRAN*    :

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE

*COMES NOW,* Constanza Bran, the defendant, through undersigned counsel, and opposes the government's motion to introduce intrinsic or 404(b) evidence. The government during the voir dire process now moves to introduce evidence at trial. The evidence involves acts which occurred after the charged conspiracy in this case. The government argues the evidence may be introduced as being either intrinsic to the crime charged or admissible pursuant to Fed. R. Evid. 404(b). The evidence in question pertains to recorded telephone calls and a meeting all having taken place after the charged conspiracy. Mr. Constanza Bran is alleged to have participated in each piece of evidence.

This circuit has circumscribed that which is considered "intrinsic." *See*, *United States v. Bowie*, 232 F.3d 923 (D.C. Cir. 2000). The Court of Appeals in that case, reasoned that "if the so-called "intrinsic" act is indeed part of the crime charged, evidence of it will by definition, always satisfy Rule 404(b). *Supra*, 927. The Court further went on to hold that "… the only consequences of labeling evidence 'intrinsic' are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request." *Id*.

Although, the government cites *United States v. Badru*, 97 F.3d 1471 (D.C. Cir. 1996), to argue that this jurisdiction considers certain uncharged conduct having occurred

prior to the charged crime as being inextricably intertwined to the charged crime and therefore admissible, there is no case law in this jurisdiction extending this to evidence which occurred after the charged crime. The case cited by the government for this proposition is *United States v. Navarro*, 169 F.3d 228 (5th Cir.). This case holds no precedent in this jurisdiction. Although, it was decided prior to the *Bowie* case, the *Bowie* case makes no mention of it.

The government's theory pursuant to Fed.R.Evid. 404(b), is that the evidence is needed as "proof of intent, proof of knowledge, proof of plan and preparation as well as proof of identity." However, the government does not indicate how the evidence establishes the proof needed during the time of the conspiracy. Whether some one does something after the conspiracy which may indicate an intent to act a certain way only sheds light as to a person's intent at that point, it does not indicate what their previous intent may have been. Additionally, as to "proof of knowledge," the evidence must show that the person had knowledge at the time of the charged conspiracy. It is not relevant if it only shows that there was knowledge obtained after the charged conspiracy. The meeting on August 23, and the later phone calls only show at best that at that point the defendant may have begun to plan and prepare to assist the informant in obtaining a warehouse. Nor does it indicate that the defendant knew that the warehouse was to store cocaine. The evidence does nothing to prove identify. There is no disagreement that Mr. Constanza appears at the previous meetings and is heard speaking and interacting with the informant.

Even if this court were to find the evidence is admissible pursuant to Fed.R.Evid. 404(b), it is still excludable pursuant to Rule 403.  Rule 403 states:

> "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury… or needless presentation of cumulative evidence" Rule 403.

Here, the evidence should be excluded on prejudicial grounds.  The government was asked by prior defense counsel to the defendant, as well as undersigned in writing whether the government intended to introduce any 404(b) evidence.  The only evidence the government provided in response to undersigned was relative to a potential rebuttal witness if the defendant were to testify at trial who would testify regarding the defendant's prior embezzlement charge.  The government further noted that it did not characterize that evidence as 404(b).  Additionally, this case was up for trial in July and at that time the government did not move to introduce the evidence in question.  Therefore, the defense has proceeded to trial without proper prior notice.  Further, introduction of the evidence may confuse the jurors.  If they find the defendant entered into an agreement to conspire on August 23, 2006, or thereafter, they may find him guilty of the charged offense even though they do not find this so prior to August 23, 2006.[1]

Respectfully submitted,

/s/

Elita C. Amato, Esq.
DC Bar # 442797
2009 N.Fourteenth Street,
Suite 708
Arlington, VA  22201
(703) 522-5900

---

[1] If the court permits the admission of the evidence, the defendant requests a limiting instruction be given.

3

CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on September 18, 2007, causing service electronically on all parties in this case.

/s/
_____
Elita C. Amato, Esq.