UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :       Crim. No 06-248(JDB)
v.                              :
                                :
ERIK DONAIRE CONSTANZA BRAN     :

### DEFENDANT'S IN LIMINE MOTION TO PRECLUDE HEARSAY

*COMES NOW,* Constanza Bran, the defendant, through undersigned counsel, and respectfully requests this Court preclude DEA Agent Fraga from testifying at trial to the defendant's statements made in Spanish to another DEA agent.  According to DEA reports, the testimony from the motions hearing and government representations, Mr. Constanza Bran was interviewed after he was arrested in El Salvador, during the flight from El Salvador to the United States.

The interview was conducted in Spanish.  Agent Fraga testified in this trial that he does not speak or understand Spanish.  DEA Agent Sandoval conducted the interview as he speaks Spanish.  The interview was conducted in the presence of Agent Fraga who took an active role of suggesting questions, listening to the answers and requesting follow up questions.

The government now seeks to have DEA Agent Fraga testify to the statements made by Constanza Bran even though he could not understand what was said and he had to rely on the translations of DEA Agent Sandoval.

The translated statements Agent Fraga would testify to are hearsay as he would be testifying to what Agent Sandoval told him.  Fed.R.Evid. 801(c).  There are no cases in this Circuit addressing this issue.  However, other circuits and courts have considered the issue and upheld introduction of such statements under Rule 801(d)(2)(C) or (D) under an

agency or language conduit theory. *See United States v. DaSilva*, 725 F.2d 828, 831-32 (2nd Cir. 1983).

However, in finding that the statements are not hearsay, these other circuits, suggest that such a determination be made on a case by case basis after consideration of a variety of factors. *United States v. Nazemian*, 948 F.2d 522, 527 (9th Cir. 1991). Some of the factors to consider are "which party supplied the interpreter, whether the interpreter had any motive to mislead or distort, the interpreter's qualifications and language skill, and whether actions taken subsequent to the conversation were consistent with the statements as translated." *Id.*

In the instant case, Agent Fraga purposely selected another DEA Agent to assist him in the interview and translate. Mr. Constanza Bran had no say in the selection, he did not appoint the other DEA Agent or name him as his agent. This other DEA Agent, Agent Sandoval, was not a certified interpreter but rather an agent having a similar position to Agent Fraga. Upon information and belief, Agent Sandoval was appraised of the investigation and took part in surveillance of Mr. Constanza Bran and the co-defendants during their arrest. He assisted Agent Fraga in taking the defendants into custody. He was purposefully brought to El Salvador for the purpose of working with Agent Fraga in obtaining incriminating statements from the defendants. He understood his role to include securing an incriminating statement not just interpreting casual conversation. Therefore, the Agent was not a neutral party as are court certified interpreters but possessed a conflict of interest with that of Mr. Constanza Bran. *See United States v. Felix-Jerez,* 667 F.2d 1297, FN 1 (9th Cir. 1982).

Further, although, it has been represented that Agent Sandoval speaks Spanish, no information on his fluency level has been provided.  It is unclear whether he has taken any fluency examinations or any training in interpreting.  Agent Fraga would have had no ability to determine if DEA Sandovals' translations were accurate.  Further, no other Agent interviewed Constanza Bran independently to further corroborate the accuracy of what Agent Sandoval told Agent Fraga.

Respectfully submitted,

/s/

Elita C. Amato, Esq.
DC Bar # 442797
2009 N.Fourteenth Street,
Suite 708
Arlington, VA  22201
(703) 522-5900

CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on September 22, 2007, causing service electronically on all parties in this case.

**/s/**
_____
Elita C. Amato, Esq.