UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No 06-248(JDB) |
| v.  : | |
| : | |
| *ERIK DONAIRE CONSTANZA BRAN* : | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO CONSOLIDATE TRIALS

*COMES NOW,* Constanza Bran, the defendant, through undersigned counsel, and opposes the government's motion to consolidate trials. Currently, Mr. Constanza Bran's case is severed from those of his co-defendants. The three co-defendant cases were earlier severed on the government's motion pursuant to *Bruton*. The government now asserts that any *Bruton* type issues can be resolved through redactions to the alleged oral statements made by each co-defendant to DEA agents, thus obviating the need for three separate trials.[1] The government provides two different versions of proposed redactions to accomplish this. The defendant does not believe that these redactions go far enough. Including either version proposed by the government of each of the three co-defendants' statement in the trial of the others, still incriminates the other defendants. The statements reinforces the government's case against all three co-defendants.

Further, the redactions do not address how such statements may be introduced in the post-*Crawford* world.[2] *See*, *Crawford v. Washington,* 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, the Supreme Court held that the

---

[1] The government offhandedly addresses any co-defendant statements in the "various phone calls in which Bardales, 'Filipino,' Bran or Morales participated, as statements of co-conspirators made in furtherance of the conspiracy" and further states that these statements are "not covered by the rule in *Bruton*." See Govt. Motion, pg. 8. Until receipt of this motion, Mr. Constanza Bran was unaware of any phone calls involving Mr. Morales and therefore, is unable to respond to this portion of the government's position without further identification and disclosure of the "various phone calls" in question.

[2] *See U.S. v. Rashid*, 383 F.3d 769, 776 (8th Cir. 2004) (The Court having applied a pre-*Crawford* analysis found that there was no *Bruton* violation, it nevertheless opined that *Crawford* may have eclipsed *Bruton*).

Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Id.,* at 51, 124 S.Ct. 1354. "Statements taken by police officers in the course of interrogations," were specifically considered "testimonial" in *Crawford, Id,* at 53, 124 S.Ct. 1354, unless they were made "under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis v. Washington*, 126 S.Ct. 2266, 2273-74, 165 L.Ed.2d 224 (2006).

Each of the co-defendants' post arrest statements here are clearly testimonial in nature. They were made, after *Miranda* warnings were given, as were the statements under consideration in *Crawford*, to elicit incrimination information from each defendant about the past events of investigation, to establish and prove the past events in a later criminal prosecution, the trial of the defendants. The statements proffered by the government of each defendant specifically contain past accounts relative to the DEA investigation, the informants and the role of the speaker. Therefore, introduction of any of the co-defendant statements, even in their redacted form, encompasses statements about the charged crime against each of the accused and violates the Confrontation Clause of the Sixth Amendment pursuant to *Crawford*.

Further, a joinder of trials would prejudice Mr. Constanza Bran and deny him a fair trial. Upon information and belief, the other co-defendants will be putting forth defenses both irreconcilable and antagonistic to Mr. Constanza Bran's defense.[3] As such the co-defendants may seek to prove the guilt of Mr. Constanza Bran in proving their

---

[3] A further proffer of the defenses could be offered ex parte under seal to the court to fully address this issue.

2

innocence.   Therefore, there is a "serious risk that a joint trial would … prevent the jury from making a reliable judgment about guilty or innocence as to Mr. Constanza Bran." *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct.933, 938, 122 L.Ed.2d 317 (1993). *Zafiro*, does not foreclose the possibility that mutually antagonistic or irreconcilable defenses "may be so prejudicial in some circumstances as to mandate severance." *Id* at 937 (citations omitted).

Respectfully submitted,

/s/

Elita C. Amato, Esq.
DC Bar # 442797
2009 N.Fourteenth Street,
Suite 708
Arlington, VA  22201
(703) 522-5900

CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on October 24, 2007, causing service electronically to all parties listed for service on this case.

/**s**/
_____
Elita C. Amato, Esq.