UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | Criminal No. 06-248 (JDB) |
| ERIK DONAIRE CONSTANZA- BRAN<br>JUAN DEL CID MORALES<br>AUGUSTIN ALVARO MEJIA | *<br><br>* | |

RESPONSE TO REPLY TO MOTION FOR BRUTON HEARING AND
MOTION TO CONSOLIDATE

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon, Kia Habisreitinger, and Brian Tomney, Trial Attorneys, Narcotic and Dangerous Drug Section, and replies to the responses to the motion to consolidate.

The Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36 (2004), does not alter the *Bruton* doctrine begun in *Bruton v. United States,* 391 U.S. 123 (1968) and refined in *Richardson v. Marsh,* 481 U.S. 200 (1987) and *Gray v. Maryland,* 523 U.S. 185 (1998).  In fact, *Crawford* cited *Bruton* favorably as an example of a case that was consistent with the original understanding of the Confrontation Clause.  *Crawford v. Washington,* 541 U.S. at 57.

*Crawford* would not be implicated by the admission of the redacted confessions in this case.  *Crawford* involved a testimonial hearsay statement by another person admitted against the defendant without an opportunity to cross examine.  In this case the government does not propose to admit any of the redacted statements against any codefendant, but only against the

defendant who made the statement. The trial court would instruct the jury to consider each statement only against its maker. This has been the law and practice since *Bruton* was decided in 1968, and nothing in *Crawford* or its progeny has changed this practice. Further, there would be no risk that the redacted statements would be used against the codefendants because each statement would be fully redacted to eliminate any reference to any other defendant in accordance with *Bruton* and *Richardson.*

The defendants have cited no authority for the proposition that *Crawford v. Washington* overturns or modifies *Bruton* or, most particularly, *Richardson.* Every court to have considered this issue, possibly excepting one court, has found that *Crawford v. Washington* does not alter or overrule *Bruton,* or has found that *Crawford* does not apply in the *Bruton* context. In *United States v. Lung Fong Chen,* 393 F.3d 139, 147-151 (2d Cir. 2004), the court wrote "we see no indication that *Crawford* overrules *Richardson* or expands the holding of *Bruton*". *Id.* at 150. In *Chen,* two defendants went to trial and statements made by a third codefendant to a law enforcement agent were admitted. *Id.* at 148-150. The two defendants claimed on appeal that this violated *Bruton* as that case was interpreted by *Gray.* The court held that the codefendant's statement either did not implicate the other two codefendants or fell within the holding of *Richardson. Id.* at 149-150. The court distinguished *Crawford* by noting that the codefendant's statements were not admitted against the two defendants, thus there was no error under either *Bruton* or *Crawford. Id* at 150.

In *United States v. Harris,* 167 Fed.Appx. 856, 859-860 (2d Cir. 2006) (summary order), the court dealt with the admission of a redacted statement of a codefendant at the trial of Harris and the codefendant. Finding no *Bruton* violation as to Harris because the statement was redacted in such a way as to not connect Harris to the crime charged, the court found no

*Crawford* violation because the statement was not offered against Harris and the jury was explicitly instructed that it was not offered against Harris. *Id.* at 859. In *United States v. Eldridge,* 107 Fed. Appx. 36, 40-41 (9th Cir. 2004) (summary order), the 9th Circuit confronted the same issue as the court in *Harris*. The court wrote that *Crawford* did not overrule *Bruton* and its progeny, and noted that *Crawford* said that *Bruton* was consistent with other cases on the Confrontation Clause. *Id.* at 41, n. 3 (the court also noted that *Crawford* "heightened" the standard under which a codefendant's statement is admitted). And the court reached a similar result as *Harris,* concluding that as the codefendant's statement did not incriminate Eldridge, there was no *Crawford* violation. *Id.*  In *United States v. Cuong Gia Le,* 316 F.Supp2d 330, 336-338 (E.D.Va. 2004), the district court prior to trial ruled on the admissibility of a statement of a nontestifying defendant who was going to trial with other codefendants. The court held that once the statement was properly redacted, "severance is also not required by" *Crawford. Id.* at 338. The court reasoned that the redacted statement would not be introduced as evidence against the codefendants who did not make the statement and a proper limiting instruction would make it clear to the jury. *Id.*  And in *State v. Khan,* 4 Misc.3d 1003(A), *5-6 (N.Y.Sup. June 23, 2004), the court was called upon to rule on a request to vacate a conviction based on *Crawford*. Though the court initially held that *Crawford* would not be applied retroactively in the petitioner's case, the court nonetheless considered the merits of the petitioner's *Crawford* claim. The court wrote that *Crawford* "simply does not apply" to properly redacted statements of a nontestifying codefendant admitted at their joint trial because the statements were not admitted against the petitioner. Thus the court concluded that the redacted statements were not testimonial evidence and *Crawford* was inapplicable. *Id.* at *6.

In *United States v. Rashid,* 383 F.3d 769, 774-777 (8th Cir. 2004), the court wrote that *"Crawford* did not overrule *Bruton* and in fact cited *Bruton* ...." *Id.* at 775. Rashid and his codefendant went to trial on bank fraud charges and at trial the codefendant's statements were introduced. In one statement the codefendant stated that she and "her companion" attempted to negotiate a 15 million dollar check. *Id.* at 774-75. The codefendant did not testify and on appeal Rashid argued that the district court erred by failing to give a *Bruton* limiting instruction. *Id.* at 774. The court felt bound to apply a pre-*Crawford* analysis of the *Bruton* issue, and concluded that the court did not err in refusing to give the limiting instruction. *Id.* at 776. Curiously, the court wrote in dicta that *"Crawford* may have eclipsed *Bruton"* and appeared willing to find that the codefendant's statement was testimonial and that its admission amounted to a violation of the Confrontation Clause. *Id.* at 776.

Further, as previously noted in its original motion to consolidate, at least one District of Columbia circuit opinion has commented on *Crawford. United States v. Carson,* 455 F.3d 336, 364-365 (D.C.Cir. 2006). In *Carson,* the court was concerned with whether the statement of a co-conspirator to a deceased conspirator may be used against all co-conspirators at their joint trial, pursuant to Federal Rule of Evidence 801(d)(2)(E), even if the co-conspirator making the statement did not testify. *Crawford v. Washington* did not alter the holding in *Carson.* In *Crawford,* the court held that out-of-court statements that are testimonial are barred under the Confrontation Clause unless the witnesses are unavailable and the defendants had prior opportunity to cross-examine them. *Carson* noted that coconspirator statements made in furtherance of a conspiracy do not fall within the definition of "testimonial" and are thus not covered by the holding in *Crawford. Carson,* 455 F.3d at 280, n. 25, citing *Crawford v. Washington,* 541 U.S. at 56.

After assessing all the interests at stake, the balance tilts heavily toward consolidating these cases in a joint trial.  The law clearly favors a joint trial and nothing in *Crawford* and its progeny has changed the preference for joint trials. See *United States v. Long,* 905 F.2d 1572, 1581 (D.C.Cir. 1990) ( the judicial system has a strong and legitimate interest in efficient and expeditious proceedings, and hence the system favors the trial of codefendants).  The Speedy Trial Act recognizes that district courts may exclude certain periods of time to "accomodate limited delays for case-specific needs".  *Zedner v. United States,* 126 S.Ct. 1976, 1985 (2006), citing Title 18, United States Code, Section 3161(h)(8).  The *Zedner* court noted that Section 3161(h)(8) provides much of the act's "flexibility" and that the statute provides a nonexhaustive list of factors which a judge can consider in determining that the ends of justice outweigh the public and the defendants' right to a speedy trial.  *Id.* at 1984.

There is no prejudice by joining the defendants in one trial.  "It is not enough to show some hostility among the defendants, or that the codefendants' strategies are generally antagonistic" to avoid consolidation.  *United States v. Gilliam,* 167 F.3d 628, 635 (D.C.Cir. 1999).  To be sure, defendants are not entitled to separate trials merely because they may have a better chance of acquittal.  *Zafrino v. United States,* 506 U.S. 534, 540 (1993).  Moreover, the *Zafrino* court correctly concluded that a proper limiting instruction can cure any prejudice.  *Id.* Thus, vague assertions of prejudice are not enough to overcome the clear preference for joint trials.  *United States v. Brodie,* 326 F.Supp 2d 83, 94 (D.D.C. 2004).

                    Respectfully submitted,

                    ____s/s_____
                    Paul W. Laymon
                    Trial Attorney
                    Narcotic and Dangerous Drugs
                    Department of Justice
                    1400 New York Avenue NW
                    Washington, DC 20005
                    Phone    202-514-1286
                    Facsimile  202-514-1483

## CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 25 October 07.

                    _____ s/s_____
                     Paul W. Laymon