UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

UNITED STATES                                  *

v.                                             *     Criminal No. 06-248 (JDB)

ERIK DONAIRE CONSTANZA- BRAN                   *
JUAN DEL CID MORALES
AUGUSTIN ALVARO MEJIA                          *

RESPONSE CONCERNING EVIDENCE ISSUE

      Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon, Kia Habisreitinger, and Brian Tomney, Trial Attorneys, Narcotic and Dangerous Drug Section, and responds to issues raised by the evidence.

      The issue concerns the admissibility of a diagram drawn by Bran at one of the meetings, a business plan presented by Bran at one of the meetings, credentials presented by Bran at one of the meetings, and a purported list of DEA agents found in Mejia's personal possessions at the time of his arrest.

      The note with DEA noted on it and the list of agents is physical evidence, relevant to the conspiracy charge, and therefore admissible. Physical evidence relating to a conspiracy is admissible even if found in the possession of a co-conspirator. *United States v. Danh Phoung Nguyen,* 931 F.2d 898 (Table), 1991 WL 65509, *5 (9th Cir. April 29, 1991) (unpub). In *United States v. Ruiz,* 477 F.2d 918, 919 (9th Cir. 1973), the court upheld the admission of a slip of paper bearing the name and phone number. The court reasoned it was not admitted for its

truth or falsity, but to show that defendant Ruiz knew of the person and anticipated calling him. *Id.* at 519. In *United States v. Thorne,* 997 F.2d 1504, 1509 (D.C. Cir. 1993) the court upheld the admission of ledgers found in the defendants' bedroom because it was not hearsay, citing *Ruiz.* And in *United States v. Day,* 591 F.2d 861 (D.C.Cir. 1978), the court upheld admission of slip of paper bearing a name and phone number offered to show association with the person on the paper.

In the instant case, the list of agents is not offered for the truth or falsity of the information contained in the list, but to show defendant Mejia's knowledge of a United States connection in this matter. Morales discussed the DEA and DIPA in one of the meetings with the informant, while Mejia discussed DIPA. The note shows a co-conspirator's concern about an American law enforcement agency, which is relevant to the charged offense. He possessed the note at the time of his arrest in September 2006, when he went to meet with the informant. It matters not who wrote the list or when Mejia acquired it. He possessed it at a time when he was discussing sending cocaine to the US. It is not hearsay, is relevant, and is admissible.

Accordingly, the United States moves for the relief requested.

                                                     Respectfully submitted,

                                                     ____s/s_____
                                                     Paul W. Laymon
                                                     Trial Attorney
                                                     Narcotic and Dangerous Drugs
                                                     Department of Justice
                                                   1400 New York Avenue NW
                                                   Washington, DC 20005
                                                   Phone    202-514-1286
                                                   Facsimile  202-514-1483

## CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 1 Nov 07.

_____ s/s_____
Paul W. Laymon