# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                    Criminal Action 06-248

ERIK CONSTANZA -BRAN

       Defendant

**FILED OCT 05 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Jury Note

MAY WE GET A TRANSCRIPT OF AGENT FRAGA'S & Agent Sandoval's TESTIMONY during the LATER PART OF THE TRIAL. — AGENT FRAGA'S 2nd TESTIMONY

05-OCT-07
DATE

FOREPERSON

9:45
TIME

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                    Criminal Action 06-248

ERIK CONSTANZA -BRAN

**FILED**
OCT 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant

## Jury Note

Some feel that the wording on the verdict form is unclear. Does "...intending or knowing..." apply to both the import & manufacturer and distribute elements or to the manfacture and distribute element alone?

05-OCT-07
DATE

FOREPERSON

2:10
TIME

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                          Criminal Action 06-248

ERIK CONSTANZA -BRAN

    Defendant

**FILED OCT 0 5 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT**

## Jury Note

In the first paragraph of page 41 there is the phrase "..., intending and knowing..." Does this phrase apply to the element of importation as well as the element of "...manufacture or distribute..."

05-OCT-07
DATE

4:06
TIME

FOREPERSON

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy to import, or to manufacture and distribute, more than five kilograms of cocaine, the government must prove three things beyond a reasonable doubt: first, that some time between April 2006 and August 17, 2006, there was an agreement to import a mixture and substance containing a detectable amount of cocaine into the United States from Guatemala and elsewhere, or to manufacture or distribute a mixture and substance containing a detectable amount of cocaine, intending and knowing that such cocaine would be unlawfully imported into the United States; second, that the defendant intentionally joined in that agreement; and third, that the overall scope of the conspiracy involved at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine.

<u>Lesser Included Offense</u>:
<u>Conspiracy to Import, or to Manufacture and Distribute, 500 Grams or More of Cocaine</u>

As I mentioned earlier, the related offense of conspiracy to import, or to distribute and manufacture, 500 grams or more of cocaine is what we call a lesser included offense of conspiracy to import, or to distribute and manufacture, 5 kilograms or more of cocaine. I will now instruct you on this lesser included offense. There are three essential elements of the offense of conspiracy to import, or to distribute and manufacture, 500 grams or more of cocaine. The first two elements are the same as the first two elements that I described for conspiracy to import, or to manufacture and distribute, five kilograms or more of cocaine -- in short, the existence of an agreement to import into the United States, or to manufacture and distribute, a mixture and substance containing a detectable amount of cocaine, and

-41-