UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | Criminal No. 06-248 (JDB) |
| ERIK DONAIRE CONSTANZA- BRAN | * | |

RESPONSE TO INSTRUCTION ON THEORY OF DEFENSE CASE

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon, Kia Habisreitinger, and Brian Tomney, Trial Attorneys, Narcotic and Dangerous Drug Section, and responds to the proposed defense request for an instruction on theory of the case.

Defendant is entitled to an instruction on his theory of the case when requested by counsel and when the theory is supported by the evidence. *Brooke v. United States,* 128 U.S.App.D.C. 19, 385 F.2d 279, 284 (1967). However, factual impossibility is not a defense to the charge of conspiracy. *United States v. Joiner,* 418 F.3d 863, 869 (8th Cir. 2005). See also *United States v. Washington,* 106 F.3d 983, 1005 (D.D.C. 1997) (factual impossibility is not a defense to the crime of attempt). Factual impossibility occurs when the objective of the defendant is proscribed by the criminal law but a circumstance unknown to the defendant prevents him from bringing about the objective. *Joiner,* 418 F.3d at 869.

Accordingly, the United States moves to delete any reference to impossibility in the proposed instruction on the defense theory of the case.

      Respectfully submitted,

_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone     202-514-1286
Facsimile  202-514-1483

## CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 9 November 07.

_____
 Paul W. Laymon