UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :    Crim. No 06-248(JDB)
v.                                :
                                  :
*ERIK DONAIRE CONSTANZA BRAN*     :

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S SECOND MOTION TO CONSOLIDATE TRIALS

*COMES NOW,* Constanza Bran, the defendant, through undersigned counsel, and opposes the government's motion to consolidate trials. Currently, Mr. Constanza Bran's case is severed from that of his co-defendant. The two co-defendant cases were earlier severed on the government's motion pursuant to *Bruton*. The government now asserts that any *Bruton* type issues can be resolved through redactions to the alleged oral statements made by the co-defendant to DEA agents, thus obviating the need for three separate trials. The government provides two different versions of proposed redactions to accomplish this. The defendant does not believe that these redactions go far enough. Including either version proposed by the government of the co-defendant's statement in his trial, still incriminates him. The statements reinforce the government's case against the defendant. Without the joinder of defendants the government would not be permitted to introduce the co-defendant's statements. Joinder of trials is prejudicial to Mr. Constanza-Bran, because the government would arguable be able to introduce during the Constanza-Bran trial impressible evidence which strengths the government's case against him.

Mr. Constanza-Bran would have no way to confront the co-defendant's statements, as presumably the co-defendant will not testify at trial. This would amount to

a *Crawford* violation. [1] *See*, *Crawford v. Washington,* 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, the Supreme Court held that the Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Id.,* at 51, 124 S.Ct. 1354. "Statements taken by police officers in the course of interrogations," were specifically considered "testimonial" in *Crawford, Id,* at 53, 124 S.Ct. 1354, unless they were made "under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis v. Washington*, 126 S.Ct. 2266, 2273-74, 165 L.Ed.2d 224 (2006).

Each of the co-defendants' post arrest statements here are clearly testimonial in nature. They were made, after *Miranda* warnings were given, as were the statements under consideration in *Crawford*, to elicit incrimination information from each defendant about the past events of investigation, to establish and prove the past events in a later criminal prosecution, the trial of the defendants. The statements proffered by the government of each defendant specifically contain past accounts relative to the DEA investigation, the informants and the role of the speaker. Therefore, introduction of the co-defendant's statements, even in a redacted form, encompasses statements about the charged crime against each of the accused and violates the Confrontation Clause of the Sixth Amendment pursuant to *Crawford*.

Further, the co-defendant statements are hearsay as to Mr. Constanza-Bran, and no exception to the hearsay rule would apply to permit the introduction of such evidence.

---

[1] *See U.S. v. Rashid*, 383 F.3d 769, 776 (8th Cir. 2004) (The Court having applied a pre-*Crawford* analysis found that there was no *Bruton* violation, however, it nevertheless opined that *Crawford* may have eclipsed *Bruton*).

The co-defendant's post-arrest statements were not made in furtherance of the charged conspiracy as the government asserts in its motion. For a statement to fit under Rule 801(d)(2)(E) rubric, there must be substantial evidence independent of the statements that a conspiracy existed, that the defendant and the out-of-court declarant were members of the conspiracy, and that the statements were made in furtherance of it. *United States v. Perholtz*, 842 F.2d 343, 356 (D.C. Cir), *cert. denied* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988); *United States v. Gantt*, 617 F.2s 831, 844 (D.C. Cir. 1980). Additionally, statements made after the conspiracy ended offered for the truth of the contents thereof may not be introduced pursuant to Rule 801(d)(2)(E). *Krulewitch v. United States*, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 709 (1949).

At the point of arrest of each the defendants in this case, any alleged conspiracy ended. It is generally held that once established a partnership in crime continues until fruition or some act is taken to disavow it or to defeat its purpose. *Pinkerton v. United States*, 328 U.S. 640, 646, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). As the Supreme Court said in *Fiswick v. United States*, 329 U.S. 211, 217, 67 S.Ct. 224, 227, 91 L.Ed. 196 (1946):

> [C]onfession or admission by one co-conspirator after he has been apprehended is not in any sense a furtherance of the criminal enterprise. It is rather a frustration of it… So far as each conspirator who confesses was concerned, the plot was then terminated. He thereupon ceased to act in the role of a conspirator. His admissions were therefore not admissible against his erstwhile fellow-conspirators.

*See also United States v. Rashid*, 383 supra at 777. (Statements or admissions made by a co-conspirator after apprehension, to law enforcement officials, are not "in furtherance" of the conspiracy).

A joinder of trials would further prejudice Mr. Constanza Bran and deny him a fair trial because upon information and belief, the other co-defendant will be putting forth defenses both irreconcilable and antagonistic to Mr. Constanza Bran's defense.[2] As such the co-defendant may seek to prove the guilt of Mr. Constanza Bran in proving their innocence.   Therefore, there is a "serious risk that a joint trial would … prevent the jury from making a reliable judgment about guilty or innocence as to Mr. Constanza Bran." *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct.933, 938, 122 L.Ed.2d 317 (1993). *Zafiro*, does not foreclose the possibility that mutually antagonistic or irreconcilable defenses "may be so prejudicial in some circumstances as to mandate severance." *Id* at 937 (citations omitted).

Additionally, there may be scheduling issues to now join both defendants at trial. Undersigned has a very tight trial schedule between January and May.  She has scheduled two to three week trials one after the other with time in between to review and prepare for the following trial.  She cannot now reschedule this trial during the January and May time period.  A joint trial might require rescheduling Mr. Constanza Bran's trial for sometime at the end of June 2008.  He is not prepared to wait that long

                                        Respectfully submitted,

                                        /s/

                                        Elita C. Amato, Esq.
                                        DC Bar # 442797
                                        2009 N.Fourteenth Street,
                                        Suite 708
                                        Arlington, VA  22201
                                        (703) 522-5900

---

[2] A further proffer of the defenses could be offered ex parte under seal to the court to fully address this issue.

4

## CERTIFICATE OF SERVICE

  **I CERTIFY** that the above motion was filed electronically on December 21, 2007, causing service electronically to all parties listed for service on this case.

/s/
_____
Elita C. Amato, Esq.
