UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| UNITED STATES | * |
| v. | *     Criminal No. 06-248 (JDB) |
| ERIK DONAIRE CONSTANZA- BRAN | * |
| and | |
| ALVARO MEJIA | * |

RESPONSE TO RENDITION MOTION

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon, Kia Habisreitinger, and Brian Tomney, Trial Attorneys, Narcotic and Dangerous Drug Section, and moves the court to DENY the defense motion to dismiss for a violation of the rule of specialty.

Defendant was arrested in El Salvador and deported to the United States without a formal extradition request by the United States. At the time of his arrest, defendant stood indicted in the US, charged with conspiracy to import cocaine into the US. After he was returned to the US, the indictment was superseded to expand the time of the drug conspiracy. Defendant claims this violates the rule of specialty.

The doctrine of specialty does not apply where a defendant is deported to the United States. *United States v. Molina-Chacon,* 627 F.Supp. 1253, 1263-64 (E.D.N.Y. 1986). Molina was deported to the US and not extradited. He waived extradition, rather than being deported,

and after his return to the US, the indictment was superseded to expand the time of the charged heroin conspiracy.  The court rejected the notion that specialty applied outside of formal extradition, but did indicate that it was proper to inquire whether the surrendering country would object to the prosecution.  *Id.* at 1264.  The court concluded that nothing in the record led the court to believe that Bermuda would have objected to the superseding indictment.  *Id.*  The court also concluded that there was no violation of specialty where the indictment simply enlarged the time of the charged heroin conspiracy. *Id.*   In *United States v. Valot,* 625 F.2d 308, 310 (9th Cir. 1980), the court reached a similar conclusion, holding that where defendant was deported from Thailand, with which the US had an extradition treaty, no extradition violation occurred and failure to comply with the extradition treaty did not bar prosecution.

In *United States v. Evans,* 667 F.Supp. 974, 979 (S.D.N.Y. 1987), the court held that the rule of specialty did apply to defendants deported from Bermuda,  rejecting the holdings in *Molina-Chacon* and *Valot.*  However, the court found no specialty violation where the superseding indictment was "of the same character" as the offense described to authorities in Bermuda.  *Id.*

In the instant case, this court should hold that the rule of specialty, which is a creature of extradition, does not apply where there is no extradition.  In the alternative, even if the rule applied to deportation, the rule is not violated here because the superseding offense was obviously "of the same character" as the indictment which existed at the time of deportation.  To the extent that the wishes of the government of El Salvador should be considered, it seems unlikely they would object since they had knowledge that the cocaine conspiracy continued up to the day of the defendants arrest in El Salvador, and they still deported.

Accordingly, the United States moves the court to deny the motion.

Respectfully submitted,

_____

Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone    202-514-1286
Facsimile  202-514-1483

CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 26 Feb 08.

_____
 Paul W. Laymon