UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 06-248 (JDB) |
| v. | : | **FILED** |
| ERIK CONSTANZA BRAN | : | MAR 1 1 2008 |
| | | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

## PLEA AGREEMENT

1. The Defendant, Erik Constanza Bran, knowingly and voluntarily agrees with the United States, through the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice, to plead guilty to that part of Count One of the Superseding Indictment, which charges him with Conspiracy to Distribute Five Kilograms or More of Cocaine, Knowing that such Cocaine would be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959, 960, and 963.

2. The defendant understands that the crime to which the Defendant is pleading guilty carries a statutory minimum mandatory term of imprisonment of ten (10) years and a maximum term of life, a fine not to exceed $4,000,000 and a period of supervised release of at least five (5) years.

3. The Defendant understands that the Court cannot place the Defendant on probation or suspend the Defendant's sentence, and that the Defendant is not eligible for parole.

4. The Defendant agrees to pay the Clerk of the United States District Court a special assessment of one hundred dollars ($100) per count of conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing or as soon thereafter as possible.

5. The Defendant agrees to the following Statement of Facts: Defendant Erik Constanza Bran was formerly employed from 2001 to 2004 with the National Secretariat for Science and Technology for the Guatemalan Government. His two co-defendants were former Guatemalan police officers in the national police force. During the time set out in the indictment, specifically July through September 2006, defendant and his two co-defendants met three times in El Salvador with an informant working for the US Drug Enforcement Administration. The defendants believed the informant to be a cocaine trafficker from Colombia. The defendants agreed to assist the informant in moving more than five (5) kilograms of cocaine into and through Guatemala. The defendants believed the cocaine was being shipped from Colombia, to Panama, into Guatemala, and up to Mexico for eventual distribution in the United States. The codefendant Juan Del Cid Morales accepted $10,000 (US currency) from the informant, at a meeting attended by Defendant, Morales, and others, for the defendants agreed upon assistance in the plan to move the cocaine. Defendant Bran's role in the conspiracy was to set-up a business in Guatemala that would receive a container of licit goods; the container would be used to hide a shipment of ^(more than five) kilograms of cocaine. Defendant Bran told the informant he would need $15,000 to $20,000 dollars (US currency) up front to properly set-up this business. Defendant Bran and his two co-defendants were eventually arrested in El Salvador where they had gone to pick-up this money from the informant. Bran's two co-defendant's were to provide security for the cocaine while it was in, and transited through, Guatemala.

6. The Defendant understands, if the Court accepts the Defendant's plea of guilty as outlined in this agreement, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(c), the Court will follow the sentencing recommendation as set out in paragraph seven below.

7. The parties agree that the Defendant will receive a sentence of confinement of 144 months (12 years) in accordance with Federal Rule of Criminal Procedure 11(c)(1)(c). Neither party will ask for any upward adjustment or reduction in sentence (except as set out in paragraph nine below).

8. The United States, within its sole discretion, may also file a motion to reduce the Defendant's sentence under Section 5K1.1 of the U.S.S.G. and/or Rule 35 of the Federal Rules of Criminal Procedure. However, nothing in this Plea Agreement shall be construed as requiring the filing of any such motion, nor is the Court obligated to grant such a motion, if filed.

9. The Defendant agrees that Defendant cannot withdraw his guilty plea entered pursuant to this Plea Agreement, unless the Court does not accept the plea agreement. Any other motion to withdraw Defendant's guilty plea shall constitute a breach of this Plea Agreement and will relieve the United States of all of its obligations under this Plea Agreement.

10. In the event of a breach, the United States may prosecute Defendant on any of the charges contained in the Indictment and the United States may, notwithstanding any other provision in this Plea Agreement, use against Defendant all information and evidence obtained from Defendant pursuant to this Plea Agreement. The Defendant agrees that Defendant cannot withdraw Defendant's guilty plea because of Defendant's breach of this Plea Agreement.

11. The Defendant agrees not to commit any criminal violation of local, state or federal law at any time prior to Defendant's sentencing in this case. The Defendant's commission of a criminal offense during such period of time will constitute a breach of this Plea Agreement and will relieve the United States of all of its obligations under this Plea Agreement. The Defendant's breach will not entitle Defendant to withdraw Defendant's guilty plea.

12. The Defendant agrees that to establish a breach the United States need only prove Defendant's commission of a criminal offense by a preponderance of the evidence. If the Defendant fails in any way to fulfill completely all of Defendant's obligations under this Plea Agreement, the obligations of the United States under this Plea Agreement may be terminated by the United States.

13. The United States reserves its right of allocution in this case.

14. Subject to Section 1B1.8 of the Sentencing Guidelines, the United States reserves its right to bring its version of the facts of this case, including its file and any investigative reports, to the attention of the Probation Office in connection with the preparation of a Pre-sentence Investigation Report, and to the Court.

15. This Plea Agreement binds only the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice. It does not bind any other federal, state or local authorities.

16. The Defendant agrees to voluntarily forfeit to the United States all property subject to forfeiture under 21 U.S.C. 853. The United States will not seek to forfeit personal property (including cash, clothes, and other personal items) seized from defendant at the time of his arrest, where that property was not acquired as the result of illegal acts.

17. The Defendant represents to the Court that the Defendant is fully satisfied with Defendant's attorney.

18. The Defendant represents to the Court that no threats have been made against the Defendant, that no promises (other than those set out in the plea agreement) have been made, and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

19. This Plea Agreement represents the entirety of the terms and conditions of the agreement between Defendant and the United States. No agreements, understandings, promises, representations or conditions exist other than those contained in this Plea Agreement. No other agreements, understandings, promises, representations or conditions or changes to this Plea Agreement may be made or entered into unless in writing and signed by the parties.

20. This Plea Agreement supersedes all prior offers, understandings, promises, agreements, or conditions, if any, between the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice and the Defendant.

21. The Defendant and the United States agree to request that the Court place this Plea Agreement and relevant Court proceedings in this case under seal.

_____
ERIK CONSTANZA BRAN
DEFENDANT

_____
ELITA C. AMATO
ATTORNEY FOR DEFENDANT

_____
PAUL W. LAYMON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
WASHINGTON, D.C.

__11 MAR 08_____
DATE