UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| UNITED STATES * | |
| v.                                      * | Criminal No. 06-248 (JDB) |
| JUAN DANIEL DEL CID MORALES   * | |
| and | |
| AGUSTIN ALVARO MEJIA              * | |

RESPONSE TO SENTENCING MEMORANDUM

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon, Kia Habisreitinger, and Brian Tomney, Trial Attorneys, Narcotic and Dangerous Drug Section, and responds to sentencing issues concerning relevant conduct.

Defendant Morales argues that only a jury may determine the amount of drugs attributed to him for sentencing purposes, citing *Rita v. United States,* 127 S.Ct. 2456 (2007) and *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856 (2007). Neither case supports this proposition and the circuit courts who have considered this issue in light of *Cunningham* have rejected it.

Rita was convicted of lying to a grand jury and sentenced within the guideline range to 33 months. On appeal, the central issue was whether the circuit court could presume the district court acted reasonably where the sentence was within the guideline range. The Supreme Court noted that the 6th Amendment did not prohibit the sentencing judge from taking into account

factual matters not determined by the jury, even when such factual matters increased the sentence, and concluded that the appellate court could presume a guidelines sentence to be reasonable, even though such a presumption would encourage judges to follow the no longer mandatory guidelines. *Rita,* 127 S.Ct at 2465-67. And Cunningham was found guilty of a child abuse offense punishable by up to 12 years. The law permitted the judge to increase the sentence to 16 years based on facts found by the judge. Finding a clear violation of *Blakely,* the Supreme Court reversed. *Cunningham,* 127 S.Ct at 860.

*Cunningham* did not require a jury to find the facts on which a sentence is based, and the circuit courts have regularly rejected that position. In *U.S. v. Melia,* 253 Fed.Appx. 105, 108 (2nd Cir. 2007), the court rejected an argument that *Cunningham* required the jury to find the facts upon which the court found a sentencing enhancement for supervisory role. In *U.S. v. Grier,* 475 F.3d 556, 561-66 (3rd Cir 2007), Grier was convicted of a 922(g) offense and his sentence was substantially enhanced when the court found he used the weapon to commit an assault. Responding to a 5th Amendment Due Process Clause challenge from Grier, the court noted that *Cunningham* did not apply. *Grier* at 565 at n. 6. The court concluded that neither the 5th or 6th Amendment required a jury to find sentencing facts. In *United States* v. *Jeross*, 2008 WL 906207 (6th Cir 2008), defendants were convicted of ecstacy offenses and received sentences within the guidelines range. Because the sentences were within the guidelines, *Cunningham* did not apply and the court was permitted to find relevant sentencing facts by a preponderance of the evidence. In *United States v. Seymour,* 519 F.3d 700, 710-11 (7th Cir. 2008), the court upheld rejected a *Cunningham* challenge of a defendant convicted of a 50 gram crack conspiracy where the judge attributed 1.5 kgs to the defendant. The court noted that the judge may lawfully determine the drug quantity to be attributed, and that *Cunningham* does not apply when the judge

sentences within the statutory and guideline range. And last, in *United States v. Marston,* 517 F.3d 996, 1006-07 (8th Cir 2008), defendant convicted of tax violations could not rely on *Cunningham* where the court found the amount of the tax deficiency and sentenced on that finding within the guidelines.

The defendant concedes at page two of his memorandum that under the current law the trial judge may find sentencing facts based on a preponderance of the evidence. The evidence at trial clearly showed that the defendants jointly undertook to transport 1300 kgs of cocaine through Guatemala and that this result was reasonably foreseeable to all the defendants.

Accordingly, the court should find, based on a preponderance of the evidence, that the defendants should be held accountable for conspiring to transport 1300 kgs of cocaine.

Respectfully submitted,

_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone     202-514-1286
Facsimile  202-514-1483
paul.laymon@usdoj.gov

CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 5 May 08.

_____
Paul W. Laymon