UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        .
                                 .
          Plaintiff,             .
                                 .   CR No. 06-0248-02 (JDB)
     v.                          .
                                 .
ERIK DONAIRE CONSTANZA BRAN,     .   Washington, D.C.
                                 .   Tuesday, March 11, 2008
          Defendant.             .   2:37 p.m.
                                 .
. . . . . . . . . . . . . . .    .

PLEA HEARING
BEFORE THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:         PAUL W. LAYMON, ESQ.
                            KIA M. HABISREITINGER, ESQ.
                            U.S. Department of Justice
                            1400 New York Avenue, NW
                            Suite 8414
                            Washington, D.C. 20005
                            202-514-1286

For the Defendant:          ELITA C. AMATO, ESQ.
                            2009 N. Fourteenth Street
                            Suite 708
                            Arlington, Virginia 22201
                            703-522-5900

Court Reporter:             BRYAN A. WAYNE, RPR, CRR
                            Official Court Reporter
                            U.S. Courthouse, Room 6714
                            333 Constitution Avenue, NW
                            Washington, D.C. 20001
                            202-354-3186

Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1                      P R O C E E D I N G S

 2          THE DEPUTY CLERK:  Your Honor, we have Criminal Action

 3  06-248-2, United States of America versus Erik Constanza Bran.

 4  We have Mr. Brian Tomney, Mr. Paul Laymon, and Ms. Kia

 5  Habisreitinger representing the government, Ms. Elita Amato

 6  representing the defendant, who is present.  We also have

 7  Ms. Susana Santangelo as our interpreter for the record.

 8          THE COURT:  All right.  Good afternoon, everyone.

 9  We're here this afternoon because I understand that the

10  defendant, Erik Constanza Bran, is prepared to enter a plea of

11  guilty.  Is that correct, Ms. Amato?

12          MS. AMATO:  Yes, Your Honor.  That is correct.

13          THE COURT:  Mr. Constanza Bran, if you could come up

14  to the lectern with Ms. Amato, please.

15      (The defendant complies.)

16      Good afternoon.

17          THE DEFENDANT:  Good afternoon, Your Honor.

18          THE COURT:  I am required to ask you certain questions

19  that you must answer under oath.  Now, I note that this proposed

20  plea is pursuant to Federal Rule of Criminal Procedure

21  11(c)(1)(C), and I will address that further in a moment.  But

22  for now I need to ask Mr. Bradley, the deputy clerk, to

23  administer the oath to you, Mr. Bran.

24      (The defendant is sworn.)

25      Mr. Constanza Bran, do you understand that you are now
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    under oath?

2             THE DEFENDANT:  I do, Your Honor.

3             THE COURT:  And do you understand that your answers

4    may later be used against you in this or another proceeding?

5             THE DEFENDANT:  I do, Your Honor.

6             THE COURT:  And do you understand that if you do not

7    answer my questions truthfully, you may be prosecuted for

8    perjury or for making a false statement?

9             THE DEFENDANT:  I do, Your Honor.

10            THE COURT:  Do you need a moment, Ms. Amato?

11            MS. AMATO:  No, Your Honor.  Well, the government just

12   reminded me that he's pleading in the superseding indictment and

13   he was never arraigned on that.

14            THE COURT:  I was about to ask that, because he was

15   going to be arraigned this morning if we had begun the trial.

16   So...

17            THE DEPUTY CLERK:  The plea supersedes it.

18            THE COURT:  Yes.  That's what I was going to say is so

19   long as he's entering a plea today, that's really what an

20   arraignment is is the opportunity to enter a plea, and that's

21   what he's doing, in just a slightly longer process.

22        All right.  Now, Mr. Constanza Bran, I'm going to ask you

23   some questions to make sure that if you choose to enter a guilty

24   plea today, you do so knowingly, voluntarily, and intelligently,

25   and with the advice of your counsel.  If you don't understand

PDF created with pdfFactory Pro trial version www.pdffactory.com

1   anything about these proceedings or any question that I may ask,

2   please just let me know that and I will try to explain or I'll

3   repeat the question.

4        Most importantly, if at any time you wish to discuss

5   something with Ms. Amato, let me know that and you'll be given a

6   chance to talk to her privately.  There are three groups of

7   questions.  There are a few routine questions, then there's some

8   personal questions, but most of the questions relate to your

9   understanding of your rights.

10       We'll start with the routine.  Would you for the record

11  please state your full name?

12             THE DEFENDANT:  Erik Donaire Constanza Bran.

13             THE COURT:  And how old are you, sir?

14             THE DEFENDANT:  I am 36.

15             THE COURT:  Can you read and write the English

16  language?

17             THE DEFENDANT:  No.

18             THE COURT:  And what is your native language?

19             THE DEFENDANT:  Spanish.

20             THE COURT:  And how far did you go in school, sir?

21             THE DEFENDANT:  College.

22             THE COURT:  And where were you born?

23             THE DEFENDANT:  Guatemala.

24             THE COURT:  Now, Mr. Constanza Bran, do you understand

25  that conviction of this offense could result in deportation or

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    exclusion from the United States?

2                THE DEFENDANT:  Yes.

3                THE COURT:  And do you understand that conviction of

4    an aggravated felony, which this is, would require your

5    deportation?

6                THE DEFENDANT:  Yes, Your Honor.

7                THE COURT:  And have you discussed that possibility

8    with your counsel?

9                THE DEFENDANT:  About the deportation, no.

10               THE COURT:  But you're fully aware that if you're

11   sentenced to prison, then after you serve that sentence this

12   conviction of an aggravated felony would require that you then

13   be deported?

14               THE DEFENDANT:  That's fine, Your Honor.  Yes.

15               THE COURT:  Now I'm going to ask you those couple of

16   personal questions I indicated.  Have you ever been treated for

17   any type of mental illness or any psychological or emotional

18   problems?

19               THE DEFENDANT:  At this time I am being treated.

20               THE COURT:  And that's at the D.C. prison facility?

21               THE DEFENDANT:  This is correct, Your Honor.

22               THE COURT:  Would you tell me just generally what the

23   treatment is for.

24               THE DEFENDANT:  I'm taking antidepressants and

25   sleeping pills.

PDF created with pdfFactory Pro trial version www.pdffactory.com

1          THE COURT:  Now, is any of that medication the kind of

2    medication that would prevent you from understanding what is

3    happening here today?

4          THE DEFENDANT:  The only effect of this medicine is to

5    keep me relaxed and have a clear mind, and I can perfectly

6    understand what we are discussing now.

7          THE COURT:  All right.  So you're not sick in any way

8    that would keep you from understanding what is happening today,

9    are you?

10         THE DEFENDANT:  No, Your Honor.

11         THE COURT:  Have you ever been treated for addiction

12    to narcotic drugs or alcohol?

13         THE DEFENDANT:  No, never.

14         THE COURT:  And are you addicted to alcohol or any

15    narcotic drug at this time?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  Are you presently under the influence of

18    alcohol or any narcotic drug?

19         THE DEFENDANT:  No.

20         THE COURT:  Ms. Amato, do you have any question as to

21    the defendant's competency to plead at this time?

22         MS. AMATO:  No, Your Honor, I do not.

23         THE COURT:  Mr. Constanza Bran, have you had

24    sufficient time to consult with your attorney about this case?

25         THE DEFENDANT:  Yes, I have.

PDF created with pdfFactory Pro trial version www.pdffactory.com

1          THE COURT:  And are you satisfied with the services of

2    your attorney in this case?

3          THE DEFENDANT:  Yes, I am, Your Honor.

4          THE COURT:  And have you had the opportunity to

5    discuss with her the charges against you and whether or not you

6    should enter a plea at this time.

7          THE DEFENDANT:  Yes, with her advice.

8          THE COURT:  And Ms. Amato, have you had sufficient

9    time to review and investigate the law and the facts in this

10   matter?

11         MS. AMATO:  Yes, Your Honor.

12         THE COURT:  Which is a little bit of a silly question

13   for both of you since you've already been through a trial in the

14   case.  But in your opinion, Ms. Amato, does the defendant

15   understand the nature of the charges pending against him?

16         MS. AMATO:  Yes.

17         THE COURT:  And do you believe that he is mentally

18   competent to enter this plea?

19         MS. AMATO:  I do.

20         THE COURT:  Now, Mr. Constanza Bran, before accepting

21   your plea, as I indicated a moment ago, I need to explain to you

22   certain rights you have, make sure you understand them.  Please

23   listen closely, please be patient with me because this takes a

24   few minutes, and let me know if you don't understand anything.

25   And as I indicated earlier, if you need to consult with your

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    attorney at any time, let me know that.

2        Do you understand that the charge against you is a felony

3    charge?

4                THE DEFENDANT:  Yes.

5                THE COURT:  Well, you have some hesitation.  Do you

6    know that this charge, this conspiracy charge relating to

7    narcotics is a felony?

8                THE DEFENDANT:  Yes.

9                THE COURT:  You have the right to plead not guilty, as

10    you have up until this day, to any offense charged against you.

11    Do you understand that?

12                THE DEFENDANT:  Yes, I do.

13                THE COURT:  And you would have a right to challenge

14    the government's case against you by seeking to have the charges

15    dismissed or to have the evidence against you suppressed or

16    thrown out.  Do you understand that?

17                THE DEFENDANT:  I do, Your Honor.

18                THE COURT:  Now, you've already been through a trial.

19    It was on a slightly different indictment, but you've already

20    been through a trial in this matter that resulted in a jury not

21    being able to reach a verdict, but you continue to have all the

22    rights that you had prior to and during that trial.  And I am

23    required to explain those to you, so that's what I'm going to do

24    now.

25        Under the Constitution and laws of the United States, you

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    have a right to have a jury trial in this case.  In effect, that

2    would be a retrial.  That means that 12 citizens of the District

3    of Columbia would sit as a jury and determine whether you are

4    guilty or not guilty based on evidence presented in the

5    courtroom.  Now, do you understand your continuing right to a

6    jury trial?

7              THE DEFENDANT:  I do, Your Honor.

8              THE COURT:  And if you chose to go to trial, you would

9    have a right to be represented by your lawyer at that trial.  Do

10   you understand that?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  And at trial you would have the right

13   through your lawyer to confront and cross-examine any witnesses

14   against you.  Do you understand that?

15             THE DEFENDANT:  I do, Your Honor.

16             THE COURT:  You would also have the right to present

17   your own witnesses, and you would have the right to subpoena

18   them, to require them to testify in your defense at trial.  Do

19   you understand that?

20             THE DEFENDANT:  I do, Your Honor.

21             THE COURT:  And at trial you would have the right to

22   testify yourself and to present evidence on your behalf if you

23   wanted to, but you would not have to testify or present any

24   evidence if you did not want to, because you cannot be forced to

25   incriminate yourself, that is, to present evidence of your own

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    guilt.  Do you understand that?

2              THE DEFENDANT:  I understand, Your Honor.

3              THE COURT:  And if you chose not to testify or to put

4    on any evidence at trial, those choices could not be used

5    against you to infer or suggest your guilt.  Do you understand

6    that?

7              THE DEFENDANT:  I understand, Your Honor.

8              THE COURT:  Unless and until I accept your guilty

9    plea, if you choose to enter one today, you are presumed by the

10   law to be innocent, because it continues to be the government's

11   burden through competent evidence to prove your guilt beyond a

12   reasonable doubt, and until it does, you cannot be convicted at

13   trial.  Do you understand that?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  And do you understand that if you went to

16   trial and were convicted, you would have the right to appeal

17   your conviction to the court of appeals and to have a lawyer

18   help you prepare that appeal.  Do you understand that?

19             THE DEFENDANT:  I do, Your Honor.

20             THE COURT:  And do you understand that by pleading

21   guilty you would be generally giving up your rights to appeal?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Just to summarize, do you understand,

24   Mr. Constanza Bran, that if you pled guilty in this case and I

25   accepted your guilty plea, you will give up all of the rights

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1    that I just explained to you, because there will not be any

 2    retrial, and there probably will not be any appeal, and you will

 3    waive your right not to incriminate yourself on this charge

 4    because you must acknowledge your guilt on the charge in order

 5    for me to accept your plea.  Do you understand all of that?

 6              THE DEFENDANT:  I understand, Your Honor.

 7              THE COURT:  And do you wish, Mr. Constanza Bran, to

 8    give up your rights to trial, your rights to an appeal in most

 9    circumstances, and all the rights that I have explained that you

10    would have if your case went to trial?

11              THE DEFENDANT:  I would with my attorney's advice.

12              THE COURT:  But you're prepared to give up those

13    rights.  Is that correct?

14              THE DEFENDANT:  Yes, with my attorney's advice I would

15    do it so she can tell me whether that's the best for me.

16              THE COURT:  Well, I understand that you are getting

17    your attorney's advice, and you should.  And you need to take

18    that advice into account.  But ultimately this decision is your

19    decision, and it must be a decision that you reach freely and

20    intelligently.  So let me ask to make sure.

21         Are you prepared, based in part at least on your attorney's

22    advice, but are you prepared to give up all the rights that I

23    have explained to you?

24              THE DEFENDANT:  Yes, Your Honor.

25              THE COURT:  All right.  We have a signed waiver, I
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    believe.  Is that correct, Mr. Bradley?

2              THE DEPUTY CLERK:  Correct, Your Honor.

3              THE COURT:  If you could hand that to Ms. Amato, and

4    if she could show that to Mr. Constanza Bran.  Is that your

5    signature on this form that waives your right to a jury trial?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  All right.  If you could hand that back,

8    Ms. Amato, please.

9         Ms. Amato, is there any reason that the defendant should

10   not waive a jury trial and his right against self-incrimination

11   as to the charge to which a plea of guilty will be made?

12             MS. AMATO:  No, not at this time, Your Honor.

13             THE COURT:  All right.  I find that the waiver is

14   knowingly and voluntarily made, it is accepted, and the signed

15   waiver will be filed in the Court record.

16        Mr. Constanza Bran, you and your attorney have received a

17   copy of the superseding indictment in this case, I believe,

18   which contains the written charge against you.  Is that correct?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  All right.  And have you read that over

21   and had it translated for you and has your lawyer explained to

22   you the charges in the superseding indictment?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  And have you had an opportunity to discuss

25   those charges and the case in general fully with your attorney?

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  And do you understand that the superseding

 3    indictment -- well, I guess I should say first that you fully

 4    participated, along with your counsel, Ms. Amato, in the first

 5    trial that was on virtually the same charge; is that correct?

 6              THE DEFENDANT:  Yes, Your Honor.

 7              THE COURT:  And do you understand that the superseding

 8    indictment charges you with the offense of, in one count,

 9    conspiring to import 5 kilograms or more of cocaine into the

10    United States, and conspiracy to distribute 5 kilograms or more

11    of cocaine, knowing or intending that it would be unlawfully

12    imported into the United States, as well as aiding and abetting?

13    Do you understand that those are the charges in the one count of

14    the superseding indictment?

15              THE DEFENDANT:  Yes, Your Honor.

16              THE COURT:  Now, before I can accept your guilty plea,

17    sir, I need to make a determination that there's a factual basis

18    for the plea of guilty.  So I would ask you to listen closely

19    and let me know if the attorney for the government says

20    something that you think is wrong or inaccurate.  And you can

21    have a seat at counsel table with Ms. Amato for a couple of

22    minutes.

23        Now, we do have a written factual proffer that is contained

24    in the plea papers themselves, but let me begin by asking the

25    government to state the elements of the charge to which Mr. Bran
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1       is proposing to plead guilty.

2               MR. LAYMON:  Judge, we're proposing that Mr. Bran

3       plead guilty to the offense of conspiracy to distribute 5

4       kilograms or more of cocaine, knowing that such cocaine would be

5       unlawfully imported into the United States.  So the essential

6       elements would be the conspiracy to distribute 5 or more

7       kilograms of cocaine, knowing that such cocaine would be

8       unlawfully imported into the United States.

9               THE COURT:  And would you now summarize the factual

10      basis of the case and what it is that the government would prove

11      if the case went to trial.

12              MR. LAYMON:  Yes, sir.  Defendant Erik Constanza Bran

13      was formally employed from 2001 to 2004 with the National

14      Secretariat for Science and Technology for the Guatemalan

15      government.  His two codefendants were former Guatemalan police

16      officers in the national police force.

17           During the time set out in the indictment, specifically

18      July through September 2006, defendant and his two codefendants

19      met three times in El Salvador with an informant working for the

20      United States Drug Enforcement Administration.  The defendants

21      believed the informant to be a cocaine trafficker from Colombia.

22      The defendants agreed to assist the informant in moving more

23      than 5 kilograms of cocaine into and through Guatemala.  The

24      defendants believed the cocaine was being shipped from Colombia

25      to Panama into Guatemala and up to Mexico, for eventual

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    distribution in the United States.

2         The codefendant Juan Del Cid Morales accepted $10,000 in

3    United States currency from the informant at a meeting attended

4    by Defendant Morales and others.  Four of the defendants agreed

5    upon assistance in the plan to move the cocaine.  Defendant

6    Bran's role in the conspiracy was to set up a business in

7    Guatemala that would receive a container of licit goods.  The

8    container would be used to hide a shipment of more than 5

9    kilograms of cocaine.  Defendant Bran told the informant he

10   would need 15,000 to $20,000 U.S. currency up front to properly

11   set up this business.

12        Defendant Bran and his two codefendants were eventually

13   arrested in El Salvador where they had gone to pick up this

14   money from the informant.  Bran's two codefendants were to

15   provide security for the cocaine while it was in and transited

16   through Guatemala.

17        That would be the factual basis, Your Honor.

18             THE COURT:  All right.  I'll bring Mr. Bran and

19   Ms. Amato back up to the lectern, please.

20        (Defendant and counsel comply.)

21        Mr. Constanza Bran, are there any corrections or changes

22   that you would make to that summary of what the government says

23   that it can prove?  In other words, is that factual summary true

24   and correct?

25             THE DEFENDANT:  I'd like to look at it, Your Honor.

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1            THE COURT:  Certainly.
 2       (Defendant reviewing document.)
 3            THE DEFENDANT:  Yes, Your Honor.
 4            THE COURT:  So it is true and correct?
 5            THE DEFENDANT:  Yes, Your Honor.
 6            THE COURT:  And did you in fact do what the government
 7    has stated that it can prove at trial?
 8            THE DEFENDANT:  Yes, Your Honor.
 9            THE COURT:  All right.  We have a written plea
10    agreement in this case, Mr. Constanza Bran, and you have a copy
11    of that agreement?
12            THE DEFENDANT:  No.
13       (Counsel hands document to the defendant.)
14       At this time, yes.
15            THE COURT:  All right.  Have you had that explained to
16    you?
17            THE DEFENDANT:  Yes.
18            THE COURT:  And do you think you understand it?
19            THE DEFENDANT:  Somehow, yes.
20            THE COURT:  You've had a chance to discuss it fully
21    with your counsel?
22            THE DEFENDANT:  Yes, Your Honor.
23            MS. AMATO:  And Your Honor, also, if I could just
24    clarify for the record.
25            THE COURT:  Please.
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1          MS. AMATO:  The plea, although it's in English, and

2    there wasn't enough time to have it translated in Spanish, we

3    did -- it was interpreted word for word to Mr. Bran and as well

4    as explained.

5          THE COURT:  Thank you, Ms. Amato.

6       On page 5, I think, at least of the version that I had --

7    it may be a different page now.  Mr. Bradley will hand you the

8    original.  Is it page 5, Mr. Bradley?

9          THE DEPUTY CLERK:  Page 5.

10          THE COURT:  On page 5 of that plea agreement, is that

11    your signature, Mr. Constanza Bran, accepting and agreeing to

12    the terms of the plea agreement, which includes an agreement

13    that the statement of facts on page 2 of the plea agreement is

14    true and correct?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Now, is your willingness to plead guilty

17    at this time the result of all that has happened in this case

18    and discussions that your counsel has had with the government,

19    and then discussions that she has had with you explaining the

20    position of the government?  Is that the basis upon which you've

21    decided now that you're prepared to enter into this guilty plea?

22          THE DEFENDANT:  That's a fact, Your Honor.

23          MS. AMATO:  And excuse me, Your Honor.  And also just

24    wanted to let Your Honor know that the Government as well met

25    with Mr. Constanza Bran today.  We asked to speak with him

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1    directly and he came down.  And so there were further

 2    discussions directly between Mr. Constanza Bran and the

 3    government.

 4              THE COURT:  I appreciate knowing that, thank you.  And

 5    does the plea agreement, as it's been explained to you and

 6    interpreted and translated for you, does that reflect the entire

 7    understanding that you have with the government?

 8              THE DEFENDANT:  Yes, Your Honor.

 9              THE COURT:  Ms. Amato, do you agree that is the case?

10              MS. AMATO:  That is correct, Your Honor.

11              THE COURT:  And Mr. Laymon, for the government, do you

12    agree that the written plea agreement reflects the entire

13    understanding the government has with the defendant?

14              MR. LAYMON:  Yes, Judge.

15              THE COURT:  There's no reason to summarize the plea

16    agreement at this time, is there?  You'll simply file and rely

17    on the written agreement?

18              MR. LAYMON:  Yes, sir.

19              THE COURT:  All right.  That written agreement will be

20    filed.

21         Now, do you understand, Mr. Constanza Bran, that under the

22    terms of your plea agreement you are agreeing to a specific

23    sentence of confinement?  In other words, a specific length of

24    confinement?

25              THE DEFENDANT:  Yes, Your Honor.
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1              THE COURT:  Now, even though that's the case, I still
 2    have to advise you of what the normal consequences of a plea of
 3    guilty to this charge would be, and that's what I'm going to do
 4    now.
 5              As I understand it, you're proposing to plead guilty to
 6    that portion of Count 1 of the superseding indictment that
 7    charges you with conspiracy to distribute 5 kilograms or more of
 8    cocaine, knowing or intending that it would be unlawfully
 9    imported into the United States.  And do you understand that
10    normally if I accepted your guilty plea in this case on that
11    charge, you could receive a maximum sentence of up to life
12    imprisonment?
13              THE DEFENDANT:  Yes, Your Honor.
14              THE COURT:  And do you understand you would be subject
15    to a mandatory minimum sentence of 10 years imprisonment?
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  And do you understand you would be exposed
18    to a maximum fine of up to $4 million?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  And you would also be subject to
21    supervised release, assuming you weren't deported, of a term of
22    at least five years?  Do you understand that?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  And that just means that, again, if you're
25    not deported, that once you serve a prison term, then upon your
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1   release you would be on supervision under certain conditions and
 2   rules, and you would have to comply with those conditions and
 3   rules, and if you failed to do so, then you could be sent back
 4   to prison for an additional period of time.  That's what
 5   supervised release means.  Do you understand that?
 6              THE DEFENDANT:  I don't wish that for any longer, Your
 7   Honor.
 8              THE COURT:  I understand.  Do you understand you're
 9   also subject to a special assessment of $100 that you must pay
10   for a felony offense, as is required by statute?
11              THE DEFENDANT:  Yes, Your Honor.
12              THE COURT:  And you understand that those normally
13   would all be possible consequences of your plea; is that
14   correct?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  All right.  Let me go through something
17   I'm sure your counsel has discussed with you.  This case does
18   fall under the Sentencing Reform Act of 1984, through which the
19   United States Congress created something called the
20   United States Sentencing Commission, and that commission has
21   issued detailed guidelines for judges such as myself to consider
22   in determining the sentence in a criminal case like this.
23       The commission has set out specific sentencing ranges for
24   every offense, and they're all contained in a manual.  But now,
25   after decisions of the United States Supreme Court of a couple
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1   of years ago, those sentencing guidelines are not mandatory,

2   they are advisory.  That still means that they must be consulted

3   by the Court in determining the appropriate sentence in a case,

4   and therefore I would normally in a case like this assess and

5   determine the proper sentence by referring to and considering

6   the sentencing guidelines in the first instance.

7        And I, and the prosecutors and your counsel, and you

8   through discussions with your counsel, would have some idea,

9   based on your criminal history and the nature of the offense,

10  what your sentencing range might be, but nothing would be

11  certain until the probation office submitted a presentence

12  report.  That would come to me, but it would also go to your

13  attorney and to the government, and they would have a chance to

14  make changes in it or object to portions of it, and your

15  attorney would go over it with you, and then at the time of

16  sentencing I would hear from your attorney, I would hear from

17  the government, and I would make a determination of what your

18  advisory sentencing guidelines range is.

19        Once I did that, I would still be permitted in a normal

20  case to impose a sentence outside of that sentencing range.

21  Could be higher, could be lower.  Now, obviously, in this case,

22  I can't sentence you to more than the maximum statutory period

23  that I identified for you a moment ago.

24        Now, all of this, of course, is an explanation of the

25  process in the normal case.  Here, pursuant to the proposed plea

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    that you're intending to enter, that will be a plea under a rule

2    that we have, it's called Federal Rule of Criminal Procedure

3    11(c)(1)(C), and under that rule you have agreed to a particular

4    sentence, and I'll explain more about that in just a moment.

5         Have you and your attorney talked about the sentencing

6    guidelines and how they might normally apply to your case?

7              THE DEFENDANT:  Yes, we have.

8              THE COURT:  And do you understand that I can't

9    determine what your sentence would be under those guidelines and

10   considering all other relevant factors until I've received the

11   presentence report from the probation office, and both the

12   government and your attorney have had the opportunity to

13   challenge facts reported by the probation office?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  And do you understand that after I have

16   decided what guideline applies to your case, normally I would

17   still have the authority in my discretion to impose a sentence

18   that is more severe or less severe than what the guidelines call

19   for?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Do you also understand, Mr. Constanza

22   Bran, that parole has been abolished for federal charges, and

23   what that means is that if you're sentenced to prison, then you

24   will serve the sentence that I impose, with some possible

25   reduction for good time, but you will not be released early on

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    parole as used to be the case?  Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  All right.  Now, do you understand that

4    under some circumstances not only you but also the government

5    normally would have the right to appeal any sentence that I

6    impose if you or the government believed that the sentence was

7    improper or unlawful?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Now, as I indicated before and as you're

10   well aware, this plea is being entered pursuant to Federal Rule

11   of Criminal Procedure 11(c)(1)(C).  If you plead guilty and I

12   accept the plea, a presentence report will still be prepared by

13   the probation office, and I will then consider whether or not to

14   accept the plea agreement which includes the agreed sentence.

15       So at this time, what I am doing is deferring a decision on

16   the plea agreement until after I have reviewed the presentence

17   report.  So right now I will only be accepting your plea of

18   guilty.  I will consider the plea agreement and the agreement as

19   to a sentence when we get together again at the sentencing

20   hearing.

21       If I accept the plea agreement then, the agreed sentence

22   will be imposed as part of the judgment in this case.  In other

23   words, you will receive the sentence of confinement that is set

24   out in the plea agreement, 12 years, if I accept the plea

25   agreement at the sentencing hearing.

PDF created with pdfFactory Pro trial version www.pdffactory.com

1        Now, if I were to decide to reject the plea agreement, you

2   would then have an opportunity to withdraw your guilty plea and

3   change your plea to not guilty.  Do you understand that?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  The plea agreement also includes a

6   reference to the possibility that the United States may make a

7   motion to reduce your sentence pursuant to Section 5K1.1 of the

8   sentencing guidelines, or Rule 35 of the Federal Rules of

9   Criminal Procedure, but that would only be if the United States

10  determines that you have provided substantial assistance in the

11  investigation or the prosecution of another person.

12       Do you understand that the decision whether to file such a

13  motion under either Section 5K1.1 of the sentencing guidelines

14  or Rule 35 of the rules of criminal procedure is within the sole

15  discretion of the United States, that is the prosecutors, and

16  neither you nor I can require the government to file such a

17  motion?  Do you understand that?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  And do you also understand that the Court

20  is not required to reduce your sentence even if the government

21  files a substantial assistance motion pursuant to Section 5K1.1

22  or Rule 35?  Do you understand that, that it's up to me?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  All right.  I know this is difficult,

25  Mr. Constanza Bran.  We just have a couple more questions.  Do

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
1    you understand that at this time I do not know what sentence I

2    will impose in your case or what sentence I would be inclined to

3    propose, and hence I don't know whether I will accept the

4    agreed-upon sentence indicated in the plea agreement, because I

5    haven't yet heard from the lawyers or from the probation office?

6    Do you understand that I haven't yet decided whether to accept

7    the agreed-upon sentence?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Now, has anyone made any promises to you

10   in connection with your guilty plea, Mr. Constanza Bran, other

11   than the promises that are contained in the plea agreement or

12   that have been stated here in open court today?

13             THE DEFENDANT:  No, Your Honor.

14             THE COURT:  Has anyone forced or threatened or coerced

15   you in any way into entering a plea of guilty?

16             THE DEFENDANT:  No, Your Honor.

17             THE COURT:  Now, is there anything you don't

18   understand, Mr. Constanza Bran, about this proceeding or about

19   your proposed plea in this case, or anything that you want to

20   ask me about or talk to your lawyer about before you decide

21   whether to plead guilty or go to trial?

22             THE DEFENDANT:  No, Your Honor.  I have already

23   discussed the plea agreement with my attorney.

24             THE COURT:  All right.  Ms. Amato, is there anything

25   else we need to cover before taking the plea?
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1          MS. AMATO:  No, Your Honor.  I don't believe so.

2          THE COURT:  Mr. Laymon?

3          MR. LAYMON:  No, sir.

4          THE COURT:  Mr. Constanza Bran, are you now ready to

5    make a decision about whether you wish to enter a plea of guilty

6    or whether instead you wish to go to trial?  Are you ready to

7    make that decision?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  And how do you plead to the charge in

10   Count 1 of the superseding indictment?  And that charge

11   specifically is conspiracy to distribute 5 kilograms or more of

12   cocaine, knowing and intending that it would be unlawfully

13   imported into the United States.  Do you plead guilty or not

14   guilty?

15         THE DEFENDANT:  Guilty.

16         THE COURT:  And Mr. Constanza Bran, are you entering

17   that plea of guilty voluntarily and of your own free will?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  And are you entering that plea of guilty

20   because you are guilty and for no other reason?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Ms. Amato, do you know of any reason why

23   the defendant should not plead guilty to the charge?

24         MS. AMATO:  No, Your Honor.

25         THE COURT:  It is the finding of the Court in the case

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    of United States v. Erik Constanza Bran, which is criminal No.

2    06-248-01 in this court, that the defendant, Erik Constanza

3    Bran, is fully competent and capable of making a decision today

4    and entering an informed plea, that he understands the nature of

5    the charges and the consequences of what he is doing, and that

6    he is acting voluntarily and of his own free will, and that

7    there is an adequate factual basis for his plea.

8        Therefore, the plea of guilty is accepted, and I find you

9    guilty as charged in that portion of Count 1 of the superseding

10   indictment, and specifically that is conspiracy to distribute 5

11   kilograms or more of cocaine, knowing and intending that it

12   would be unlawfully imported into the United States.

13       Now, what this means, as I explained earlier, is that I

14   have accepted the plea of guilty and you have been found guilty,

15   but I will consider the plea agreement and the agreed-upon

16   sentence at the sentencing hearing that I am about to schedule.

17   And as I explained, a presentence investigation will be

18   conducted and a report prepared by the probation office to

19   assist me in sentencing.

20       You'll be interviewed by the probation office, and you're

21   required to give truthful information for the report.  Your

22   attorney may be present with you if you wish, and that's

23   generally a good idea.  You and your attorney will be permitted

24   to read the presentence report before the sentencing hearing and

25   make any objections to errors that you believe are in the

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    report.

2            And then at the sentencing hearing both your attorney and

3    you will be given an opportunity to speak on your behalf, and at

4    that time I will decide whether to accept the plea agreement and

5    the agreed-upon sentence as part of your plea of guilty.  So, is

6    there any reason to defer sentencing beyond the normal 70 to 75

7    days, Ms. Amato?

8            MS. AMATO:  No.

9            THE COURT:  Mr. Laymon?

10           MR. LAYMON:  Judge, as the defendant is from

11   Guatemala, if the probation officer decides to seek information

12   from Guatemala, they may need more time.  I know that in the

13   companion case of Mr. Mejia, I think we put it off more than 90

14   days.  So I would suggest --

15           THE COURT:  That is approximately what we did.

16           MS. AMATO:  This is the first I'm hearing that a

17   probation officer is trying to seek information from a foreign

18   country.  Usually they don't.  They usually don't.  So I've

19   never had a request for more than the 30 days for any of my

20   non-American clients or people.

21           THE COURT:  Are you expressing a preference to set

22   sentencing for about 75 days from now?

23           MS. AMATO:  I was asking for the normal time frame.  I

24   don't believe they're going to be able to find anything.  Again

25   I'm quite surprised.  I've never heard of a probation officer

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
1    seek more time to do that.

2            THE COURT:  All right.  Let's see what we can do on my

3    schedule.  Mr. Bradley, something about 75 days from now.  That

4    will be two and a half months from now, which will put it at the

5    end of May.

6            THE DEPUTY CLERK:  We could do it Thursday, May 29, at

7    9:00.

8            THE COURT:  How does Thursday, May 29, at 9 a.m. sound

9    to you, Mr. Laymon?

10           MR. LAYMON:  That's fine, Judge.

11           MS. AMATO:  Your Honor, I have a trial scheduled on

12   that day.  I would request if we could do it on the 30th.

13           THE COURT:  Mr. Bradley, can we do it on the 30th?

14   That's a Friday, correct?

15           THE DEPUTY CLERK:  Correct.

16           MS. AMATO:  9:30 or thereafter?

17           THE DEPUTY CLERK:  You have a 9:00 sentencing already.

18           THE COURT:  Mr. Bradley is very reluctant to put two

19   sentencings on the same day because sometimes I yell at him for

20   doing that.  Is that the only other thing we have on that day?

21           THE DEPUTY CLERK:  Yes.

22           THE COURT:  I'll allow you to do it.  So what time is

23   the other one?

24           THE DEPUTY CLERK:  9:00.

25           THE COURT:  So 11:00.
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1      MS. AMATO:  Fine.

2      THE COURT:  Mr. Laymon, will that work?

3      MR. LAYMON:  That's fine, Judge.  Thank you.

4      THE COURT:  So sentencing will be on Friday, May 30,

5   2008, at 11 a.m.  And if there are any memoranda that either

6   side wishes to submit to the Court, if you could get them in a

7   couple of days in advance of that, I would appreciate it.

8      MS. AMATO:  Your Honor, just so I'm clear, you will

9   make the determination of whether or not to accept the plea

10  agreement at the sentencing hearing, not before that?

11     THE COURT:  That is correct.  That is the process that

12  I think has to be followed under Rule 11(c)(1)(C) and is

13  traditionally followed.  Even though I have at this time

14  accepted the plea of guilty, he will have a chance -- if I don't

15  accept the plea agreement and specifically the agreed-upon

16  sentence, then Mr. Constanza Bran will have a chance to withdraw

17  his guilty plea.

18     I have no reason to believe that I won't accept it, but I

19  can't decide that till after I see all the relevant materials,

20  including the presentence investigation report.

21     All right?  Friday, May 30, 11 a.m. is our sentencing, and

22  sentencing memos will be submitted certainly by that Tuesday

23  before the 30th.  All right?

24     Now, Ms. Amato, you're certainly familiar with the drill in

25  this court.  You need to stop by the probation office today in

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
1    order to arrange for this presentence report to be commenced.

2    And Mr. Bradley will give you the paperwork or the form for

3    that.

4         No request, I take it, to change Mr. Constanza Bran's bond

5    status.

6              MR. LAYMON:  No, sir.

7              THE COURT:  Ms. Amato, you agree with that?

8              MS. AMATO:  Your Honor, I have no argument to present.

9              THE COURT:  All right.  The defendant will continue to

10   be held without bond, and I believe that these proceedings are,

11   therefore, completed.  I will see all of you on May 30 at 11

12   a.m.  Anything further, Mr. Laymon?

13             MR. LAYMON:  No, sir.

14             THE COURT:  Ms. Amato?

15             MS. AMATO:  No.  Thank you.

16             THE COURT:  All right.  Mr. Bran, I will see you on

17   May 30 for sentencing.

18             THE DEFENDANT:  Thank you.

19        (Proceedings adjourned at 3:23 p.m.)

20

21

22

23

24

25
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

*   *   *   *   *   *

CERTIFICATE

        I, BRYAN A. WAYNE, Official Court Reporter, certify

that the foregoing pages are a correct transcript from the

record of proceedings in the above-entitled matter.

                    _____
                    BRYAN A. WAYNE

PDF created with pdfFactory Pro trial version www.pdffactory.com