## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No 06-248(JDB) |
| v. : | |
| : | |
| ERIK DONAIRE CONSTANZA BRAN : | |

### DEFENDANT'S MOTION REQUESTING THE PLEA AGREEMENT NOT BE ACCEPTED

*COMES NOW,* Constanza Bran, the defendant, through undersigned counsel, and moves this Honorable Court pursuant to Rules of Crim. Pro. 11(c)(5)[1] not accept the plea agreement in this case. The following is in support of said request:

### FACTUAL AND PROCEDURAL HISTORY

After a jury trial in this case, the Court granted a motion for mistrial. Mr. Constanza-Bran's second trial was scheduled to begin March 10, 2008. In September 2008, co-defendant Del Cid went to trial and was found guilty. One to two weeks prior to the co-defendant Mejia's trial, a wired plea offer was extended to both Mr. Mejia and Mr. Constanza-Bran. The plea offer was for an eight year sentence. Mr. Mejia did not accept the plea offer and therefore, Mr. Constanza-Bran was foreclosed from accepting the plea. Mr. Mejia proceeded to trial. Mr. Mejia's trial ended the week immediately before the second Constanza-Bran trial was to begin. Immediately after the trial, communications resumed with the government and Mr. Constanza-Bran sought the same eight year plea offer as previously extended. However, after the Mejia trial, the government informed undersigned that the eight year plea was no longer being offered. During the weekend, prior to the week Mr. Constanza-Bran's second trial was to commence, the government agreed to offer a twelve

---

[1] Mr. Constanza-Bran is not seeking a withdrawal of his plea pursuant to 11(d)(2)(B).

year 11(c)(1)(c) plea. The plea agreement was prepared and provided to undersigned the evening before the plea. On March 11, 2008, Mr. Constanza reviewed the plea in court with undersigned, the same day that the jury was to be selected for the second trial.

On March 11, 2008, Mr. Constanza-Bran came before the Court and pled guilty. At that time, this Honorable Court accepted his plea of guilt but held off on accepting the plea agreement. (see Attachment A, transcript of plea, pages 27, 30). The Court informed the parties, that the decision to accept the plea agreement would be made on the day of sentencing, after the Court had a chance to review the pre-sentence report and any memorandum the parties prepared. (see Attachment A, transcript of plea, pages 27, 30).

Since having entered a plea of guilty in this case, Mr. Constanza-Bran has on a continuing basis sought to engage in further plea discussions with the government. Mr. Constanza-Bran submits that prior to his accepting the plea agreement, he did not have sufficient time in which to seek a more just plea agreement. Specifically, and as recently as the last week, Mr. Constanza-Bran unsuccessfully sought to negotiate an amendment with the government to his plea agreement for a reduction of six months pursuant to *United States v. Smith*, 27 F.3d 649 (D.C. 1999). Currently, the government has declined to enter into any further agreements to reduce Mr. Constanza-Bran's plea agreement of twelve years. Therefore, Mr. Constanza-Bran now files this motion.

**ARGUMENT**

The Court has discretion to accept or reject an 11(c)(1)(c) plea, after the plea has been taken but before the court accepts the plea agreement. See *11(c)(3)(A)*. The court is only bound to impose the specific sentence of the plea agreement once the court accepts the plea agreement. *11(cc)(1)(d)*. Here the court specifically stated on the record that the plea

2

agreement had not been accepted, only the plea of guilt by Mr. Constanza-Bran had been accepted and that the Court would make a determination of whether or not to accept the plea. (see Attachment A, transcript of plea hearing, pages 27, 30).

Rule 11 is silent on what criteria a Court should use in considering whether to accept or reject a plea agreement. "A Court may reject a plea in the exercise of sound judicial discretion." *Santobello v. United States*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed. 427 (1971); *accord United States v. Washington*, 969 F.2d 1073, 1077(D.C. Cir. 1992), *cert. denied* 507 U.S. 922, 113 S.Ct. 1287, 122 L.Ed.2d 679 (1993). The District Courts discretion is not unfettered however and must be a "reasoned exercise of discretion." *United States v. Maddox*, 48 F.3d 555, 558 (D.C. 1995). A District Court acts within its discretion when it rejects a sentence bargain after an individualized analysis of the specific circumstances presented. *In re Morgan* 506 F.3d 705 (9th Cir. 2007), *citing Ellis v. United States District Court*, 356 F.3rd 1198 (9th Cir. 2004) (en banc). *See also*, *United States v. Carrigan*, 778 F.2d 1454, 1461-62 (10th Cir.) (Court has broad discretion in accepting or rejecting a plea).

Mr. Constanza-Bran now urges the Court reject the plea agreement, thereby permitting Mr. Constanza-Bran to put forth before the court compelling reasons for a sentence of less than 144 months. The Court should now not accept the plea agreement. To impose a sentence of 144 months would cause Mr. Constanza-Bran to receive a disparate sentence from other equally situated defendants who pled to conspiracy to import offenses.

Specifically, in the case of *United States v. Castillo*, case number 05-404, a case in which undersigned represented the defendant, and Paul Laymon, Esq., represented the government, the defendant, Adan Castillo and one of his co-defendants, Aquilar, both were offered 11(c)(1)(c) plea agreements to a ten year sentence term. The *Castillo* case was almost identical to Mr. Constanza-Bran's case, in that, an informant was posing as a Colombian

working for a Colombian drug dealer who was looking for assistance in supposedly smuggling drugs through the ports of Guatemala and for further assistance in obtaining security for the transportation of the narcotics through Guatemala with the ultimate destination to the United States[2].  Again, like this case, there were no actual "drugs" as an informant was the alleged drug supplier.  The evidence also involved both recorded telephone calls and videotaped meetings.  However, in the *Castillo* case, the third defendant Portillo, was separately involved in helping actual Colombian drug dealers import drugs into Guatemala.  The defendants in the *Castillo* case were all working as law enforcement officers for SAIA[3] when they were approached by the informant and during the time frame of the charged conspiracy.  Mr. Castillo, was the head of SAIA, until his arrest in this case.

Additionally, in the case of *United States v. Juan Carlos Gomez*, case number 05-316, government counsel Paul Laymon, offered Mr. Gomez a plea offer of 5 ½ years, significantly less than that offered to Mr. Constanza-Bran.  The allegations were that Mr. Gomez worked for the Colombian boss Pablo Rayo, of a huge drug enterprise, comparable to the infamous Escobar.  The case involved the actual exchange of drugs for money, over a ten year period, involving tons of kilos of cocaine.

The defendant Wilson Jesus Villegas Jaramillo, in case 04-34-05, also received a plea offer of less than ten years, and this Court sentenced Mr. Jaramillo to 68 months incarceration.  Also, in that case, the government put forth information that the conspiracy was extensive and extended over several years.

The government in this case did offer Mr. Constanza-Bran an eight year plea offer which is consistent with the plea offers extended to other defendants in other conspiracy to import drug cases.  However, the plea offer was wired to that of his co-defendant Mejia.

---

[2] The investigation of Castillo and his co-defendants Aquilar and Portillo ultimately lead the government to

4

Because his co-defendant did not accept the plea, Mr. Constanza-Bran was not afforded the opportunity to accept the offer. Due to circumstances beyond his control, to his detriment, he lost a viable plea offer. Mr. Constanza-Bran ultimately agreed to plead guilty in this case rather than go forward to trial a second time. At this time he does not seek another trial, however, he does seek a more **just** sentence than what he would receive pursuant to the current plea agreement.

  **WHEREFORE**, for the foregoing reasons, and any others this Court deems relevant, Mr. Constanza Bran moves to this Court, pursuant to Rules of Crim. Pro. 11(c)(5), reject the plea agreement.

            Respectfully submitted,

            /s/

            Elita C. Amato, Esq.
            DC Bar # 442797
            2009 N. Fourteenth Street., Suite 708
            Arlington, VA  22201
            (703) 522-5900

### CERTIFICATE OF SERVICE

  **I CERTIFY** that the above motion was filed electronically on August 6, 2008, thereby being served electronically upon on all parties in this case.

            /s/
            _____
            Elita C. Amato

---

co-defendant Bardales in this case.
[3] SAIA is the equivalent of the DEA.