UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES of AMERICA        *

v.        *        Criminal No. 06-248 (JDB)

ERIK DONAIRE CONSTANZA- BRAN        *

RESPONSE TO DEFENDANT'S MOTION REQUESTING THE PLEA
AGREEMENT NOT BE ACCEPTED

Comes the United States through Wayne A. Raabe, Acting Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon and Brian Tomney, Trial Attorneys, Narcotic and Dangerous Drug Section, and responds to the defendant's motion requesting the plea agreement not be accepted.

In accordance with the dictates of Federal Rule of Criminal Procedure 11(c) and (d), as well as *United States v. Jones,* 472 F.3d 905, 907-909 (D.C.Cir. 2007) and its progeny, the motion should be denied.

Defendant was the first of three codefendants tried for cocaine charges. His jury was not able to reach a verdict. In the months after his trial, defendant's two codefendants were convicted at separate trials. As of this writing, one codefendant has been sentenced to more than twelve years and the other codefendant is pending sentencing. The codefendant pending sentencing is facing a sentence also in excess of twelve years. On the eve of his retrial, defendant Constanza Bran pled guilty. The parties submitted a written plea agreement, in which defendant agreed to plead guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and for a

sentence of 144 months (twelve years).  Paragraph nine of the plea agreement provided that the defendant could not withdraw his guilty plea unless the Court failed to accept his plea agreement.

Defendant now moves the court, pursuant to Rule 11(c)(3 and 5),  not to accept his plea agreement.   In this motion, defendant explains that he has sought to engage the government in further plea discussions since he entered his plea, and that his plea agreement should be rejected because a sentence of 144 months would be a "disparate sentence from other equally situated defendants who pled to conspiracy to import offenses."   Defendant emphasizes this point in the last paragraph of his motion by noting that "he does not seek another trial, however, he does seek a more **just** (emphasis in the original) sentence".

Federal Rule of Criminal Procedure11(c)(3)(A) provides that the Court may accept, reject, or defer the plea agreement in this case, and Rule 11(c)(5) sets out the procedures for the court to follow if it decides to reject an 11(c)(1)(C)  plea.  This is different from Rule 11(d), which proscribes when a defendant may withdraw from a guilty plea.  Rule 11(d)(2)(B) applies to the instant case and provides that the defendant may withdraw his plea if he can show " a fair and just reason for requesting the withdrawal".   The two sections, 11(c) and 11(d), overlap to a certain extent, as the defendant may also withdraw his guilty plea if the court rejects the plea agreement.    Thus, two separate issues might typically confront the court in a case like this: (1) has the defendant shown "a fair and just reason" for requesting to withdraw his plea of guilty and (2) should the court reject a plea agreement where defendant makes such a request (thereby giving the defendant an opportunity to withdraw his plea agreement regardless of reason).

It is not clear though what the defendant is seeking.  He does not appear to be asking to withdraw his plea.  He appears to want the court to reject his plea agreement so that he can maintain or enter another plea to a lesser sentence.  Since the government is not willing to

negotiate a lesser sentence, the defendant appears to be asking the Court to reject the plea agreement and agree to sentence the defendant to less than 144 months.  Since the Court is not empowered to negotiate a sentence with the defendant, it seems only reasonable to assume that the defendant is really asking the Court to reject his plea agreement, maintain his plea of guilty, and sentence him to less than 144 months.  Once the defendant learns that the Court could in fact sentence him to more than 144 months, he may opt for another trial, despite his proffer in the last paragraph of his motion that "at this time he does not seek another trial".

Thus, the government will treat his motion as if (1) he is in fact seeking to withdraw his plea of guilty pursuant to Rule 11(d), which arguably violates his plea agreement,  and (2) he is in fact asking the Court to reject his plea agreement with an eye toward withdrawing from his guilty plea, pursuant to Rule 11(c)(5)(B).  Thus, the issues become (1) does he have a fair and just reason for seeking to withdraw his plea and (2) should the court reject his plea agreement.  See generally, *United States v. Hyde,* 520 U.S. 670 (1997) (court may accept a guilty plea and at the same time defer decision on plea agreement, distinguishing between the plea and agreement.)  As noted above, the government answers both in the negative, that is, he does not have a fair and just reason to request to withdraw his plea and the Court should not reject his plea agreement.

<u>Fair and just reason to withdraw</u>

In *United States v. Jones,* 472 F.3d 905 (D.C.Cir. 2007), the court considered whether the district court had really accepted the appellant's guilty plea, such that he had to show "a fair and just reason" to withdraw his plea.  After reviewing the entire colloquy with the district court, the court determined that the district court had accepted the plea, despite comment from the district court that it would "defer" its decision on whether to accept the plea agreement and the plea.  *Id.* at 908-09.  Finding that the court had indeed accepted the plea, the court noted that

Jones could have withdrawn his plea only for a fair and just reason. *Id*. at 909. Following *Jones,* in *United States v. Robinson,* 498 F.Supp.2d 328 (D.D.C. 2007), Judge Rosemary M. Collyer considered what constituted a "fair and just reason" to withdraw a guilty plea. Judge Collyer noted that what constitutes a fair and just reason should be evaluated in light of three factors: (1) whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was tainted. *Id.* at 331, citing *United States v. Hanson,* 339 F.3d 983, 988 (D.C.Cir. 2003). Judge Collyer also noted that a defendant seeking to withdraw a plea before sentencing should provide an "objectively reasonable argument that he is innocent." *Id.* at 331 (citation omitted).

     In the instant case, defendant Constanza Bran does not assert any claim of innocence, nor is there any evidence that the guilty plea was tainted. While the government acknowledges that it could be ready for another trial, such a trial would be the fourth trial in this case, using the same witnesses and the same evidence. As Judge Collyer noted in *Robinson,* where the government would have been required to try a case for (only) the third time, to allow the defendant to withdraw his plea would be "extremely prejudicial to the interests of the United States and the people of Washington, D.C.". *Robinson,* 498 F.Supp.2d at 337.

     Two other D.C. district court cases faced similar factual issues concerning the withdrawal of a guilty plea, and reached the same result as Judge Collyer. See *United States v. Thomas,* 541 F.Supp 2d 18 (D.D.C. March 24, 2008) (Judge Richard W. Roberts) and *United States v. Basu,* 531 F.Supp.2d 48 (D.D.C. January 23, 2008) (Judge Roberts).

     Thus, defendant Constanza Bran has not shown a fair and just reason to withdraw his guilty plea.

<u>Should the court reject the plea agreement</u>

Here the defendant's only stated reason for asking the court to reject his plea agreement is that he is unhappy with the negotiated sentence and wants another chance to achieve a lesser sentence.

Defendant is a college educated citizen of Guatemala who previously served in a high ranking position in the Office of the Vice President of Guatemala, specifically in the ministry of science. The evidence introduced at his trial (and at the trials of his two codefendants) confirms that he is articulate and intelligent. He has had more than one year to consider the merits of a guilty plea. He sat through a two week trial and heard all the evidence against him. It is fair to conclude that he was fairly well informed about the evidence and about his chances at a second trial, especially after his two codefendants were convicted on essentially the same evidence that would have been used at his second trial.

Defendant was just as culpable as his two codefendants, both of whom are facing sentences above 144 months. In fact, the government could reasonably argue that Constanza Bran was more heavily involved in the case than his other two defendants, based on the extensive telephone contact between Constanza Bran and the informant. Pursuant to 18 U.S.C. 3553(a), the sentence imposed must be sufficient to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (B) afford adequate deterrence, and (C) protect the public from further crimes of the defendant. The sentence of 144 months is less than the guidelines sentence would be for this defendant. That his sentence is less is explained more by the hung jury and the benefits to all parties of not having to try the case again, than it is

by any mitigating factor. Still, the agreed upon sentence serves the interests set out in Section 3553(a). Defendant does not claim that enforcing the plea agreement will undermine the purposes of punishment and sentencing, rather he is apparently having second thoughts about the wisdom of pleading guilty and accepting the government's sentence offer. The Court should not reject a plea agreement for such a reason, but should only reject a properly entered plea agreement for sound reasons.

U.S.S.G. Section 6B1.2 provides nonbinding guidance to the Court concerning the standards for acceptance of plea agreements. *United States v. Goodall,* 236 F.3d 700, 705 (D.C. Cir. 2001) (6B1.2 guides but does not constrain courts). Section 6B1.2(c) provides that the court may accept the plea agreement in this case if the agreed sentence is within the guideline range or the agreed sentence departs from the range for justifiable reasons. While the meaning of this section is further minimized by the now nonbinding nature of the guidelines themselves, the guidance is still sound, that is, where the agreed upon sentence is less than the guidelines, the plea agreement should be accepted for justifiable reasons. In the instant case, accepting the plea agreement is justified because the plea agreement fairly resolves the case, avoids a second trial for this defendant and a fourth trial for the United States and the Court, and imposes a sentence that is consistent with the guidance of 18 U.S.C. Section 3553(a).

Accordingly, the United States moves the court to deny the defendant's motion and accept the plea agreement.

Respectfully submitted,

_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone    202-514-1286
Facsimile  202-514-1483
paul.laymon@usdoj.gov

CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 14 August 2008.

_____
 Paul W. Laymon